[Cite as *Haynes v. Haynes*, 2017-Ohio-2718.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STACY CROWDUS HAYNES,　　　　　　:

　　　　Plaintiff-Appellee,　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

　　- vs -　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

JOHN D. HAYNES, II,　　　　　　　　:

　　　　Defendant-Appellant.　　　　　:

CASE NO. CA2016-07-067

O P I N I O N
5/8/2017

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 10DR33984

Stacy Crowdus Haynes, 933 Rainbow Court, Lebanon, Ohio 45036, plaintiff-appellee, pro se

John D. Smith Co., L.P.A., Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for defendant-appellant

Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, Guardian Ad Litem

**M. POWELL, J.**

{¶ 1} Defendant-appellant, John D. Haynes, II ("Father"), appeals from a judgment of the Warren County Court of Common Pleas, Domestic Relations Division ("domestic relations court"), certifying all matters concerning the care and custody of the parties' children to the Warren County Court of Common Pleas, Juvenile Division ("juvenile court").

{¶ 2} Father and plaintiff-appellee, Stacy Crowdus Haynes ("Mother"), are the parents of twin sons who are nine years old. The parties were divorced in April 2012. The divorce decree incorporated the parties' shared parenting plan, which named each parent as residential parent and legal custodian of the twins.

{¶ 3} On August 12, 2015, upon being advised of a police investigation regarding allegations of harm to the twins, a domestic relations court magistrate sua sponte suspended Father's parenting time. Later that month, a complaint was filed in the juvenile court alleging that the twins were abused and dependent. The juvenile court appointed a guardian ad litem ("GAL") for the children.

{¶ 4} In October 2015, the GAL moved the domestic relations court to certify all parenting issues concerning the twins to the juvenile court pursuant to R.C. 3109.06. Father opposed the motion. The magistrate denied the GAL's motion, finding it was premature as the juvenile court had not yet adjudicated the matter.

{¶ 5} On December 21, 2015, the juvenile court adjudicated the twins abused and dependent; a case plan was filed requiring both Father and Mother to complete certain services. In January 2016, the GAL renewed her motion to certify all parenting issues concerning the twins to the juvenile court. Father opposed the motion. On May 26, 2016, the magistrate granted the GAL's motion and recommended that "all issues relative to the allocation of parental rights and responsibilities be certified to the Warren County Juvenile Court."

{¶ 6} Father filed objections to the magistrate's decision, arguing that certification to the juvenile court was improper because the latter had not consented to the transfer, and the domestic relations court did not make a finding that it was in the best interest of the twins for neither parent to have custody. In an amended decision filed on June 28, 2016, the magistrate noted that the juvenile court had agreed to accept the transfer, and once again

granted the GAL's motion.

**{¶ 7}** On June 20, 2016, the domestic relations court overruled Father's objections. The domestic relations court found that because it had received written consent from the juvenile court on June 14, 2016, certification of the case to the juvenile court was proper under the first paragraph of R.C. 3109.06, and therefore, the domestic relations court was not required to find it was in the best interest of the twins for neither parent to have custody.

**{¶ 8}** Father now appeals, raising one assignment of error:

**{¶ 9}** THE TRIAL COURT ERRED BY PERMANENTLY CERTIFYING ALL PARENTING ISSUES TO THE JUVENILE COURT.

**{¶ 10}** Father argues that certification to the juvenile court was improper under R.C. 3109.06 because, although the juvenile court consented to the transfer, the domestic relations court never made the required finding under R.C. 3109.04(D)(2) that it was in the best interest of the twins for neither parent to have custody. Father asserts that certification under R.C. 3109.06 is proper only if (1) the juvenile court consents to the transfer, and (2) the domestic relations court makes the best-interest finding under R.C. 3109.04(D)(2), as mandated by the last paragraph of R.C. 3109.06 that "[a]ny disposition made pursuant to this section … shall be made in accordance with [R.C.] 3109.04." Father further asserts the juvenile court lacks jurisdiction to address parenting issues under R.C. 2151.23(F)(1) because the domestic relations court never made the required best-interest finding under R.C. 3109.04(D)(2).

**{¶ 11}** R.C. 3109.06 governs certification to a juvenile court and provides in part that

> [A]ny court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities for the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian or in any case respecting the support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile

- 3 -

court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.

In cases in which the court of common pleas finds the parents unsuitable to have the parental rights and responsibilities for the care of the child or children and unsuitable to provide the place of residence and to be the legal custodian of the child or children, consent of the juvenile court shall not be required to such certification.

* * *

Any disposition made pursuant to this section, whether by a juvenile court after a case is certified to it, or by any court upon the death of a person awarded custody of a child, shall be made in accordance with sections 3109.04 and 3109.42 to 3109.48 of the Revised Code.

{¶ 12} R.C. 3109.04, which generally governs allocation of parental rights and responsibilities for the care of children, also addresses the certification of parenting issues to a juvenile court, and provides, in relevant part, that

If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with as much of the record and the further information, in narrative form or otherwise, that it considers necessary or as the juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction.

R.C. 3109.04(D)(2).

{¶ 13} As this court has previously stated, there are a number of means by which a juvenile court may acquire jurisdiction over parenting matters. "Some require the juvenile court to consent to the transfer. Others do not require consent, but mandate that the transferring court make certain statutory findings in order for the transfer to be proper." *Thompson v. Valentine*, 189 Ohio App.3d 661, 2010-Ohio-4075, ¶ 17 (12th Dist.).

{¶ 14} R.C. 3109.04(D)(2) authorizes a domestic relations court to certify a case to the juvenile court upon finding "that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child[,]" that is, upon finding it is in in the best interest of the child for neither parent to have custody. *Id.* at ¶ 20.

{¶ 15} "A juvenile court may also attain jurisdiction over a domestic relations case by certification under R.C. 3109.06." *Valentine*, 2010-Ohio-4075 at ¶ 21. In the case at bar, the GAL's motion to certify sought certification, and the domestic relations court granted the motion, solely pursuant to the juvenile court's consent to transfer provision of R.C. 3109.06. Under the plain terms of the statute, a domestic relations court may certify an action to the juvenile court if it obtains the juvenile court's express consent pursuant to the first paragraph of R.C. 3109.06, or finds the parents unsuitable pursuant to the second paragraph of R.C. 3109.06. *Id.* at ¶ 23-24. Unlike the R.C. 3109.04(D)(2) certification process, certification pursuant to R.C. 3109.06 does not require a finding that the best interest of the child is for neither parent to have custody of the child. *Rielinger v. Rielinger*, 8th Dist. Cuyahoga No. 90614, 2009-Ohio-1236, ¶ 57; *In re Whaley*, 86 Ohio App.3d 304, 311 (4th Dist.1993).

{¶ 16} Father nevertheless asserts that the phrase "[a]ny disposition made pursuant to this section * * * shall be made in accordance with [R.C.] 3109.04" found in the last paragraph of R.C. 3109.06, incorporates the best-interest finding of R.C. 3109.04(D)(2) necessary for certification of a matter to the juvenile court pursuant to R.C. 3109.06. Father concedes his interpretation of R.C. 3109.06 has not yet been addressed by any Ohio court. We decline to adopt Father's interpretation of R.C. 3109.06.

{¶ 17} We first note that Father's interpretation ignores language of the last paragraph of R.C. 3109.06 that is critical to its meaning. Contrary to Father's partial quoting of the statute, the last paragraph of R.C. 3109.06 does not merely provide that "[a]ny disposition made pursuant to this section * * * shall be made in accordance with [R.C.] 3109.04."

Rather, the paragraph states that "[a]ny disposition made pursuant to this section, whether *by a juvenile court after a case is certified to it,* or by any court upon the death of a person awarded custody of a child, shall be made in accordance with [R.C.] 3109.04[.]" (Emphasis added.) Citing the Ohio Supreme Court's opinion in *Richards v. Market Exchange Bank Co.*, 81 Ohio St. 348 (1910), the Second Appellate District observed that "[t]here is a presumption that every word in the statute is designed to have legal effect, and every part of the statute must be regarded where practicable so as to give effect to every part of it." *Shump v. First Continental-Robinwood Assocs.*, 138 Ohio App.3d 353, 360 (2d Dist.2000). Father's interpretation of R.C. 3109.06 fails to give legal effect to the "after a case is certified" language of the statute.

{¶ 18} R.C.3109.04 sets forth comprehensive procedural and substantive guidelines to guide a court's discretion in the allocation of parental rights and responsibilities. In that respect, the last paragraph of R.C. 3109.06 is complementary to R.C. 2151.23(F)(1) which provides that "[t]he juvenile court shall exercise its jurisdiction in child custody matters in accordance with [R.C.] 3109.04[.]" Pursuant to these statutes, the General Assembly has provided for child custody matters to be decided in all divisions of the common pleas courts in accordance with the same procedural and substantive rules, i.e., R.C. 3109.04. In other words, the incorporation by reference of R.C. 3109.04 into R.C. 3109.06 does not relate to the procedure for certification to the juvenile court, but rather the way the juvenile court must decide custody and parenting matters after certification.

{¶ 19} Furthermore, Father's interpretation of R.C. 3109.06, as incorporating the best-interest requirement of R.C. 3109.04(D)(2), would render the certification with consent of the juvenile court provision of R.C. 3109.06 a practical nullity. The General Assembly certainly did not intend to permit certification to a juvenile court pursuant to R.C. 3109.04(D)(2) solely upon a finding that it is not in a child's best interest that either parent have custody, only to

enact a separate statute requiring that same best-interest finding, as well as the juvenile court's consent. In such a circumstance, once a court makes the requisite best-interest determination pursuant to R.C. 3109.04(D)(2), there would be no necessity for the consent of the juvenile court to the certification pursuant to R.C. 3109.06. Stated in the abstract, where one statute permits a thing to be done upon a particular finding, it is nonsense for a second statute to permit the same thing to be done upon the same finding, plus something additional. In such an instance, the second statute serves no purpose. For R.C. 3109.04(D)(2) and 3109.06 to be given full effect, they may only be interpreted as permitting distinct methods of certification.

{¶ 20} In support of his interpretation of R.C. 3109.06, Father cites the Ohio Supreme Court's opinion in *In re Poling*, 64 Ohio St.3d 211 (1992), and this court's opinion in *Valentine*, 2010-Ohio-4075. Both opinions addressed R.C. 2151.23(F)(1). We find that neither opinion supports Father's argument that the last paragraph of R.C. 3109.06 incorporates the best interest finding of R.C. 3109.04(D)(2) into the R.C. 3109.06 certification process.

{¶ 21} *Poling* involved the concurrent jurisdiction of two courts, the domestic relations court which had granted custody of the parties' children to the mother under a divorce decree, and the juvenile court which had adjudicated the children dependent. The case was never certified to the juvenile court. *Poling* addressed whether the juvenile court had jurisdiction to change the custody of the dependent children. The supreme court held that the juvenile court had jurisdiction to determine the custody of the alleged dependent children, even though there had been a prior divorce decree granting custody of the children to a parent, but that the juvenile court was required to exercise its custody jurisdiction subject to R.C. 2151.23(F)(1):

However, when a juvenile court seeks to exercise its concurrent jurisdiction in a situation such as before us, *i.e.*, where there is an existing custody decree, the juvenile court must do so in compliance with R.C. 2151.23(F)(1). This statute requires that "[t]he juvenile court *shall* exercise its jurisdiction in child custody matters *in accordance with sections 3109.04*, 3109.21 to 3109.36, * * * of the Revised Code." (Emphasis added.) Therefore, when a juvenile court makes a custody determination, it must do so "in accordance with R.C. 3109.04."

We view this legislative scheme as a means of granting the juvenile court jurisdiction to make particularized determinations regarding the care and custody of children subject to its jurisdiction, while respecting the continuing jurisdiction of the domestic relations or common pleas court that makes a custody decision in a divorce case. Stated otherwise, when a domestic relations or common pleas court makes a custody decision ancillary to a divorce proceeding, that court must comply with the strictures contained in R.C. 3109.04. Likewise, under R.C. 2151.23(F)(1), a juvenile court must consider the dictates of R.C. 3109.04 when exercising its custody jurisdiction. The juvenile court's custody decision is thus harmonized with the prior custody determination by the requirement in R.C. 2151.23(F)(1) that the juvenile court exercise its custody jurisdiction in accordance with R.C. 3109.04.

*In re Poling*, 64 Ohio St.3d at 216.

{¶ 22} *Poling* does not support Father's argument. As stated above, *Poling* did not involve a certification from the domestic relations court to the juvenile court, and simply held that once a juvenile court obtains jurisdiction over children, it must exercise its custody jurisdiction in accordance with R.C. 3109.04, as required by R.C. 2151.23(F)(1). In turn, R.C. 2151.23(F)(1) has nothing to do with the requirements for certification of a case to the juvenile court by a domestic relations court. Rather, R.C. 2151.23(F)(1) relates solely to a juvenile court's exercise of its custody jurisdiction and places no duties or constraints on the domestic relations court.

{¶ 23} *Valentine* likewise does not support Father's argument. Father cites *Valentine* for the proposition that because "R.C. 3109.06 and R.C. 2151.23(F)(1) contain identical language[,] * * * a best interest finding under R.C. 3109.04(D)(2) is required prior to

certification" under R.C. 3109.06.

{¶ 24} In *Valentine*, we addressed whether a domestic relations court had properly certified the case to a juvenile court under R.C. 2151.23(A)(1), 3109.04(D)(2), or 3109.06. In determining that the domestic relations court did not properly certify the case to the juvenile court under any of the foregoing statutes, we plainly recognized that R.C. 3109.06 was a statutory mechanism for certification separate from and independent of R.C. 3109.04(D)(2). *Valentine*, 2010-Ohio-4075 at ¶ 21.

{¶ 25} We first addressed certification under R.C. 3109.04(D)(2) in reliance upon R.C. 2151.23(A)(1), and held that

> Where a domestic relations court relies upon R.C. 2151.23(A)(1) to certify a case to juvenile court, the court must be mindful of an additional requirement. That is, R.C. 2151.23(F) obligates a juvenile court to exercise its jurisdiction in child custody matters in accordance with, among other provisions, R.C. 3109.04.
>
> R.C. 3109.04, in turn, prescribes certain parameters for allocating and modifying parental rights and responsibilities. Subsection (D)(2) authorizes a domestic relations court to certify a case to the juvenile court upon finding "that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child[.]" Thus, where a domestic relations court seeks to transfer a case to juvenile court under R.C. 2151.23(A)(1), the domestic relations court must also make this best interest finding under R.C. 3109.04(D)(2) in order for jurisdiction to vest in the juvenile court.

*Id.* at ¶ 19-20. In the case at bar, although the domestic relations court could have relied upon R.C. 2151.23(A)(1), and certified custody matters to the juvenile court pursuant to R.C. 3109.04(D)(2), it did not do so. Rather, the domestic relations court certified custody matters to the juvenile court pursuant to R.C. 3109.06. The foregoing analysis is therefore inapplicable here.

{¶ 26} In *Valentine*, we then turned to another statutory mechanism for certification, R.C. 3109.06. *Valentine*, 2010-Ohio-4075 at ¶ 21 (a juvenile court may also attain

jurisdiction over a domestic relations case by certification under R.C. 3109.06). In separately considering whether certification was proper under R.C. 3109.06, we recognized that the statute provides two distinct methods for certification under R.C. 3109.060: express consent of the juvenile court or a finding of parental unsuitability. *Id.* at ¶ 21-25. Unlike our analysis of domestic relations court certifications relying upon R.C. 2151.23(A)(1), we did not hold that a domestic relations court must first make the best interest finding under R.C. 3109.04(D)(2) in order to certify a matter to the juvenile court pursuant to R.C. 3109.06. Rather, we specifically found that "transfer under R.C. 3109.06 can quickly be disposed of, as the domestic relations court neither obtained the juvenile court's consent prior to transfer nor made a finding that the parents were unsuitable." *Id.* at ¶ 27. We further noted that the juvenile court had expressly declined to accept transfer of the case pending resolution of the appeal. *Id.* at ¶ 37, fn. 2. In the case at bar, the domestic relations court received written consent from the juvenile court. *Valentine* is therefore factually distinguishable.

{¶ 27} Father further asserts the juvenile court lacks jurisdiction to address parenting issues under R.C. 2151.23(F)(1), and thus certification is improper, because the domestic relations court never made the required best interest finding under R.C. 3109.04(D)(2). In light of our analysis above, we find no merit to Father's assertion and decline to further address it.

{¶ 28} In light of the foregoing, we hold that certification to a juvenile court pursuant to the first paragraph of R.C. 3109.06 is proper once the transferring court obtains consent from the juvenile court. In the case at bar, the domestic relations court obtained written consent from the juvenile court. Consequently, certification was proper under R.C. 3109.06 and the domestic relations court had no further requirements to fulfill under either R.C. 3109.06 or 3109.04(D)(2).

{¶ 29} Father's assignment of error is overruled.

{¶ 30} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.