SPENCE, APPELLEE, *v.* SPENCE, APPELLANT.

(No. 80AP-877—Decided July 30, 1981.)

*Messrs. Goldman & Marlin* and *Mr. Jerome S. Goldman,* for plaintiff-appellee.

*Messrs. Heine & Post* and *Mr. G. Roger Post,* for defendant-appellant.

WHITESIDE, J. Defendant-appellant, Tracy G. Spence, appeals from an order of the Court of Common Pleas of Franklin County, Division of Domestic Relations, granting custody of the parties' minor child to plaintiff-appellee, Peggy S. Spence, and raises five assignments of error as follows:

"1. The trial court erred in changing the custody of the parties' minor child from defendant-appellant to plaintiff-appellee absent a specific finding that at least one of the mandatory requirements of [R.C.] Sec. 3109.04(B) has been established by the evidence.

"2. The trial court erred in that in changing custody of the parties' minor child from defendant-appellant to plaintiff-appellee, the trial court abused its discretion in such matters.

"3. The trial court erred in that its decision to change custody of the parties'

minor child from defendant-appellant to plaintiff-appellee is contrary to law.

"4. The trial court erred in that its decision to change custody of the parties' minor child from defendant-appellant to plaintiff-appellee is against the manifest weight of the evidence.

"5. The trial court erred in finding that plaintiff-appellee did not have the burden of proof on the question of whether, due to the change of circumstances, the change of custody was necessary to serve the best interests of the minor child."

Defendant did not separately argue the five assignments of error but, rather, consolidated his argument, and the court similarly will treat the five assignments of error as a unit.

Defendant's basic thesis is that the trial court entered a change of custody order contrary to the provisions of R.C. 3109.04(B). Were a change of custody order involved, there might be some merit to defendant's contentions. However, the record reveals that the custody order from which this appeal is taken is an initial custody order in connection with the granting of a divorce to defendant from plaintiff.

During the pendency of this action, by interlocutory orders, defendant was granted temporary custody of the parties' minor child. The decree of divorce, however, the provisions of which apparently were agreed to by the parties, provides as follows with respect to custody:

"In lieu of a final determination on the issue of custody, the Court ordered that interim physical custody of the child, Brian Gene Spence, shall remain with the Defendant until further order of the Court. It is further ordered that the parties shall appear on the 20th day of October, 1980 at 9:30 a.m. for a final hearing on the issue of custody. In the interim, the Court shall order a follow-up home investigation by the Court Investigator."

In addition, the decree provided for visitation and child support.

In the final order determining custody, the court stated in pertinent part as follows:

"* * * The Court, having considered the evidence and all other relevant factors, including those enumerated in R.C. 3109.04(C), finds that the best interests of such child would be served by awarding custody to the Plaintiff.

"IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff, Peggy Sue Spence, be awarded custody of the parties' minor child, Brian Gene Spence."

It is from this order that this appeal is taken. Since this is an initial custody order upon the granting of the divorce, it is controlled by R.C. 3109.04(A), rather than R.C. 3109.04(B). R.C. 3109.04 (A) provides in pertinent part as follows:

"Upon hearing the testimony of either or both parents and in accordance with sections 3109.21 to 3109.36 of the Revised Code, the court shall decide which of them shall have the care, custody, and control of the children, taking into account that which would be for their best interest * * *."

This the trial court did, and its determination is supported by evidence, even assuming that the evidence would also have supported an award of custody to defendant. The finding that it is in the best interest of the child that custody be awarded to plaintiff is supported by the evidence.

R.C. 3109.04(B) provides that: "The court shall not modify a prior custody decree unless it finds * * * that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child." That section also sets forth three prerequisites, one of which must be applicable before a change of custody order will be entered. None of those factors is present in this case. However, this is not a change of custody

case but, rather, the initial determination of custody, the prior order being only an interlocutory order. R.C. 3109.04(B) prevents modification only of final custody orders and has no application to interlocutory orders. The fact that in this case the interlocutory order awarded custody to defendant does not require a finding by the trial court that there exists one of the circumstances set forth in R.C. 3109.04(B) in order to make a different final custody decree awarding custody to plaintiff, rather than defendant.

Interlocutory orders respecting custody made pursuant to Civ. R. 75(M) are by their very nature temporary. Civ. R. 75(M)(1) states that: "* * * the court * * * may make a temporary order regarding the custody * * * of minor children * * * during the pendency of the action for divorce * * *." In other words, an order respecting custody made pursuant to Civ. R. 75(M) by its very nature is temporary and is subject to modification upon the entering of the final decree. R.C. 3109.04(B) has no application to such inherently temporary orders. Accordingly, none of the assignments of error is well taken since they are predicated upon the erroneous assumption of the application of R.C. 3109.04(B) to temporary custody orders *pendente lite*.

For the foregoing reasons, all five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.