ROBINSON, APPELLEE, *v.*
ROBINSON, APPELLANT.

(No. 84AP-59 — Decided July 17, 1984.)

*Stephen W. Daulton,* for appellee.
*James J. Marlin, Jr.,* for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises a single assignment of error as follows:

"The decision of the trial court was against the manifest weight of the evidence."

The parties filed cross-complaints for divorce, each seeking custody of the parties' minor child. The trial court, after a lengthy trial, granted each party a divorce from the other and made provisions for disposition of personal property but did not determine the custody issue. Instead, the trial court found it not to be in the best interest of the child to award custody to either parent and certified the issue of custody to the juvenile branch of the trial court, pursuant to R.C. 3109.04(A), which provides in pertinent part:

"* * *

"If the court finds, with respect to any child under eighteen years of age, that custody to neither parent is in the best interest of the child, it may commit the child to a relative of the child or certify a copy of its findings, * * * to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction."

At the outset, a jurisdictional issue has been raised by plaintiff by a motion to dismiss contending that the order appealed from is not a final appealable order. Plaintiff points out that it was held in *In re Becker* (1974), 39 Ohio St. 2d 84 [68 O.O. 2d 50], that an order of a juvenile court finding that a minor should be tried as an adult is not a final appealable order. Plaintiff also suggests that, in *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83 [75 O.O.2d 156], an R.C. 3109.04(A) certification order was found not to create a presumption of unfitness or unsuitability. *Boyer,* however, involved an award of custody to a grandparent, not a certification order, although the same reasoning could be applicable.

An R.C. 3109.04(A) certification order necessarily must be made in connection with a determination of an action in which custody is only one of several issues involved, in this case a divorce action. A final order was entered with respect to divorce and alimony and, although by separate entry, the certification determination was made in connection with the granting of the divorce to the parties. R.C. 3109.07 specifically provides for an appeal without specific reference to the orders which are appealable.

In this case, the order was entered by the domestic relations division of the common pleas court, not by the juvenile branch of either that division or the probate division, while *Becker, supra,* involved a bindover order of a juvenile court. R.C. 2501.02(A) confers jurisdiction upon the court of appeals over final orders of courts of record. The order in

question is the final order of the divorce court, extinguishes the jurisdiction of the divorce court with respect to custody as part of this action, and constitutes a final determination of the basic divorce action. Accordingly, we conclude that the certification order is properly appealable as part of the divorce judgment and constitutes a final appealable order within the contemplation of R.C. 2505.02. Therefore, the motion to dismiss is overruled.

As to the merits, each party presented evidence indicating that the other had been guilty of gross neglect of duty. Since plaintiff does not contest the order, it is unnecessary to comment further with respect to evidence concerning her. Both parents are deaf mutes, and we would agree with appellant that this, standing alone, does not necessarily demonstrate that the best interest of the child would be that neither have custody. However, plaintiff presented evidence that defendant frequently used drugs, that he had been observed blowing marijuana smoke in the child's face, and that he often became violent and abusive and beat, choked and slapped plaintiff, although there is no direct evidence that defendant was abusive to the child.

Since the certification order does not necessarily preclude custody of the child being awarded to defendant or plaintiff, we find that there was sufficient evidence to permit the trial court to determine that the best interest of the child would probably be that neither parent have custody for certification purposes. Accordingly, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and STRAUSBAUGH, J., concur.