IN RE BOEHMKE.

(No. 54284 — Decided
October 11, 1988.)

ANN MCMANAMON, P.J. Dale and Janet Boehmke, grandparents and temporary custodians of Jacob Matthew Boehmke, appeal an order of the juvenile court granting overnight visitation rights to the child's mother, Laura Boehmke. The grandparents assert five assignments of error for our review.[1] We conclude, however, that the appeal must be dismissed because the grant of visitation in this case is not a final appealable order.

The child's mother was originally awarded custody of the child, then aged one and a half, in February 1982 pursuant to a Geauga County divorce decree which terminated her marriage to the child's father, John Boehmke.

In September 1985, the father filed a motion, in Geauga County, for a change of custody, requesting that he be named custodian and that his parents be granted "emergency temporary possession" of the child. In an attached affidavit the child's grandfather averred that the mother was unstable and incapable of providing the child with a safe environment. The grandfather also asserted that action by the Lake County human services department prompted the mother to leave the child in the care of the grandparents, and that their son was capable of providing the child with a good home.

The common pleas court granted the request for temporary possession of the child pending disposition of the father's motion for change of custody. The mother moved for and was granted the right to visit the child at the grandparents' home but was expressly denied overnight visitation.

In January 1986, the Geauga court determined that neither parent was a suitable custodian and that temporary custody should remain with the paternal grandparents. Pursuant to R.C. 3109.06, the court transferred the case to the Cuyahoga County Juvenile Court for further proceedings. Visitation rights for the mother continued on the same terms.

The juvenile court conducted two evidentiary hearings, on November 24, 1986 and January 27, 1987, and requested the attorneys for the mother and the grandparents to submit visita-

---

[1]

I
"The court erred in approving the referee's findings of fact and recommendations."

II
"The court erred in ordering into effect the proposals contained in the letter of 2-6-87, without a then current home study of Laura Boehmke, which was an abuse of discretion."

III
"The court erred in refusing to permit Dr. Carole J. Litt, Ph.D., to testify, and to accept [sic] her report."

IV
"The court's decision is against the manifest weight of the evidence [and an abuse] of discretion in that it is contrary to the best interest and welfare of the minor child."

V
"The court's decision is against the manifest weight of the evidence, and an abuse of discretion in that the order is unduly oppressive and burdensome on the custodians of the minor child."

tion proposals. Although the grandparents have not supplied us with a transcript of these hearings, the court's docket discloses that their attorney declined to submit a proposal because he believed a psychological examination of the mother was warranted.

The mother's proposal sought permission for her to take the child for an overnight visit every other weekend with daytime visits away from the grandparents' home in alternate weeks. The mother agreed to attend counseling sessions with the child on a biweekly basis. The proposal recited that its purpose was to facilitate reunification of child and mother within three months.

The grandparents filed objections to the proposal, arguing, among other things, that available information demonstrated that both mother and child suffered from psychological problems which needed evaluation before outside visitation was warranted. A referee heard arguments on the visitation issue and recommended adoption of the mother's plan. On June 29, 1987, the court approved the mother's proposal, ordered its immediate implementation, and continued the case until August 21 for further review. The grandparents filed their notice of appeal from this order.

For purposes of this appeal, a final order is a ruling which (1) affects a substantial right and in effect determines the action and prevents a judgment; or (2) affects a substantial right and is issued in a special proceeding. R.C. 2505.02.

It has been held that where a trial court, incident to a final adjudication of a divorce action, finds that neither parent is a suitable custodian and certifies the matter to the juvenile court, the certification is a final appealable order. *Robinson* v. *Robinson* (1984), 19 Ohio App. 3d 323, 19 OBR 496, 484 N.E. 2d 710. In *Robinson* the certifica-

tion order was found to be a sufficient basis for an appeal contesting the finding of unsuitability.

In this appeal, by contrast, the Geauga County court's finding on the suitability issue is uncontested. For purposes of R.C. 2505.02, the "action" below sought to determine the permanent custody of the child and was occasioned by the father's request for change of custody. However, this appeal is not from an order denying a motion for change of custody. The issue of whether permanent custody will be transferred from the mother remains unresolved. Thus, even if we assume the order affected a substantial right, the ruling did not determine the action below.

To decide whether an order is made in a special proceeding, an appellate court must weigh the competing interests. This test requires a court to weigh the harm to the " 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258, 21 O.O. 3d 158, 161, 423 N.E. 2d 452, 456.

It is readily apparent that a later appeal of the visitation order would be impracticable. However, "[w]hile the impracticality of an appeal after judgment is unquestionably a significant factor, it is not determinative of whether immediate review is available. Rather, when an appeal after judgment is impracticable there must be a stronger and more compelling need to foreclose immediate appellate review." *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 60, 10 OBR 348, 350, 461 N.E. 2d 887, 890.

The stated purpose of the proposal adopted by the juvenile court is the eventual reunification of the mother

and her son. Were the visitation provision considered a final order, there would be nothing to prevent the piecemeal litigation of each aspect of the proposal at issue, as well as any other steps the court might take prior to a final disposition of the custody issue. The resulting delay and disruption of the judicial process would benefit no one. Thus, we conclude there is a compelling need to deny appellate review at this stage of the proceedings.

Without denigrating the grandparents' legitimate concern for the child's safety, their interest in immediate review is no more compelling that that of a party challenging an award of temporary custody during divorce proceedings. Such an order cannot be appealed since it is interlocutory in nature. See, *e.g., Grant* v. *Grant* (Dec. 12, 1986), Wood App. No. WD-86-39, unreported: *Luckino* v. *Luckino* (July 2, 1981), Franklin App. No. 80AP-843, unreported. Cf. *Spence* v. *Spence* (1981), 2 Ohio App. 3d 280, 2 OBR 310, 441 N.E. 2d 822.

Accordingly, the grandparents' appeal is dismissed.

*Appeal dismissed.*

JOHN V. CORRIGAN and NAHRA, J., concur.