OPINION.
{¶ 1} Appellants, S.O. and S.M. ("parents"), and L.O. ("grandmother"), appeal the decision of the Madison County Court of Common Pleas, Juvenile Division, ordering a case plan modification to provide for a goal other than reunification with the parents or the maternal grandmother.
 {¶ 2} A dependency complaint was filed by the Children Services division of the Madison County Department of Job and Family Services ("Children Services"), alleging that T.M., then three months old, sustained five limb fractures. These fractures, one to each of her arms and legs, with a second fracture to one leg, were medically determined to be caused by "intention" on the part of the perpetrator, and some of the fractures were in different stages of healing. The child's caregivers provided no explanation for the cause of the fractures.
 {¶ 3} On January 8, 2005, T.M. was adjudicated dependent, by agreement, and a disposition was entered, granting temporary custody of T.M. to Children Services. The record indicates that the parents, the grandmother, and the grandmother's fiancé all acknowledge that the child was in their care during the time when the fractures would have occurred, but disclaim actual knowledge of the circumstances surrounding the child's injuries.
 {¶ 4} All parties apparently agree that the parents followed the orders of the case plan after adjudication and disposition. However, the identity of the perpetrator of the injuries was never ascertained.[1]
 {¶ 5} At Children Services request, the trial court held a dispositional review hearing in the fall of 2005 to provide further direction to Children Services on the case. After a two-day hearing in which the parties and other witnesses testified, the trial court noted that reunification with appellants would not be in the child's best interest. The trial court ordered Children Services to modify the goal in the case plan from reunification to a goal other than reunification with the parents or the grandmother, and set a date for the next review hearing. The parents and the grandmother instituted appeals, which have been consolidated for our review.[2]
 {¶ 6} We list separately the assignments of error presented by all three appellants, but consolidate the assigned errors for ease of discussion.
 {¶ 7} Parents' Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED IN ORDERING A MODIFICATION OF THE CASE PLAN FOR A GOAL OTHER THAN REUNIFICATION."
 {¶ 9} Grandmother's Assignment of Error:
 {¶ 10} "THE JUVENILE COURT ABUSED ITS DISCRETION IN THIS DEFENDANT [SIC] CHILD ACTION BY ENTERING A DISPOSITION OUTSIDE THOSE ALLOWABLE BY STATUTE — O.R.C. 2151.353."
 {¶ 11} After this appeal was filed and briefed, this court sua sponte raised the issue of whether the trial court's order was a final appealable order and permitted the parties to file supplemental briefs. Based upon our review of the record, we find that the trial court's decision was not a final appealable order.
 {¶ 12} Ohio law provides that appellate courts have jurisdiction to review the final appealable orders from lower courts. See Section3(B)(2), Article IV, Ohio Constitution; In re Murray (1990),52 Ohio St.3d 155, 156; see, also, R.C. 2505.03. Appellate courts lack jurisdiction to review nonfinal appealable orders and must dismiss matters lacking final appealable orders. In re J.V., Franklin App. No. 04AP-621, 2005-Ohio-4925, at ¶ 24. Appellate courts may sua sponte raise the issue of nonfinal appealable order jurisdiction, if neither party raises it. In re Elliott (Mar. 5, 1998), Ross App. No. 97 CA 2313;In re Murray, fn. 2.
 {¶ 13} The definition of "final order" is prescribed in R.C. 2505.02, in pertinent part, as:
 {¶ 14} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 15} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."
 {¶ 16} We note that the Ohio Supreme Court has held that proceedings in the juvenile division, including parentage actions, are special statutory proceedings. State ex rel. Fowler v. Smith, 68 Ohio St.3d 357,360, 1994-Ohio-302.
 {¶ 17} A "substantial right" for purposes of R.C. 2505.02 is a legal right entitled to enforcement and protection by law. State ex rel.Hughes v. Celeste, 67 Ohio St.3d 429, 430, 1993-Ohio-214; In reMurray, 52 Ohio St.3d at 157 (manifest that parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02).
 {¶ 18} Generally, the question of whether an order is final and appealable turns on the effect that the order has on the pending action, rather than the name attached to it, or its general nature. In reMurray at 157.
 {¶ 19} "An order which affects a substantial right has also been interpreted to be one which, if not immediately appealable, would foreclose appropriate relief in the future." State v. Shaffer, Cuyahoga App. No. 87552, 2006-Ohio-5563, ¶ 20; Bell v. Mt. Sinai Med. Ctr.
(1993), 67 Ohio St.3d 60, 63; In the Matter of Kinstle (Mar. 6, 1998), Logan App. Nos. 8-97- 27, 8-97-28, 8-97-29, 8-97-30, 8-97-31, 8-97-32.
 {¶ 20} To establish that an order affects a substantial right, the appellant must establish that in the absence of immediate review of the order, he or she will be denied effective relief in the future.Shaffer.
 {¶ 21} The purpose of a final appealable order is to prevent the case being taken to the court of appeals in fragments. C.f., Squire v.Guardian Trust Co. (1946), 147 Ohio St. 1; see, also, In re Boehmke
(1988), 44 Ohio App.3d 125, 128 (if visitation provision was considered a final order, there would be nothing to prevent the piecemeal litigation of each aspect of the proposal at issue, as well as any other steps the court might take prior to a final disposition of the custody issue); see, In re Burton (Aug. 20, 1999), Greene App. Nos. 98CA76, 98CA143; In the Matter of Christian (July 23, 1992), Athens App. No. 1507.
 {¶ 22} The trial court in the case at bar provided the parties with notice of this review hearing and it appears from the record that all entities participated. See R.C.2151.412 (case plan for each child). At the conclusion of the hearing, the trial court did not change the temporary custody order, nor did it terminate any custody rights. The trial court ordered Children Services to amend its stated goal in the case plan from the goal of reunification.
 {¶ 23} While the depth and breadth of the hearing held by the trial court at this juncture is curious, it is clear that the trial court's order does not decide the case and prevent a judgment. Appellants have not been foreclosed from appropriate relief in the future. Contrary to the argument set forth by one of the appellants, Children Services was not granted permanent custody of T.M. at this hearing, nor could it have been.
 {¶ 24} In fact, Children Services must decide what custody motion it will file in this case and provide the appropriate notice to the parties. See, e.g., R.C. 2151.414 (notice on motion for permanent custody shall enumerate parents' rights, including that a grant of permanent custody permanently divests parents of their parental rights). Children Services will be required to fully prosecute whatever motion it files in regard to this child.
 {¶ 25} Accordingly, we find that the trial court's order was not a final appealable order, and this consolidated appeal must be dismissed.
 {¶ 26} Appeal dismissed.
WALSH, P.J., and YOUNG, J., concur.
[1] There was much discussion regarding the parents' failure to take a polygraph. A polygraph was not part of the case plan.
[2] We note that the child was not removed from the custody of the grandmother; however, the trial court issued an order that grandmother receive court-appointed counsel and grandmother has apparently participated in all aspects of this case.