OPINION
{¶ 1} Appellant-father, Todd G., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, in which the court issued dispositional orders concerning *Page 2 
minor child, T.G., including adoption of the case plan and modification of parental visitation.
 {¶ 2} On March 14, 2007, the magistrate issued a decision adjudicating T.G. dependent and awarding temporary custody of T.G. to the Butler County Children Services Board ("the agency"). The trial court upheld the magistrate's decision over objection by T.G.'s mother and father on June 15, 2007. This court affirmed the trial court's decision on April 14, 2008. In re T.G., Butler App. Nos. CA2007-07-158, CA2007-07-171,2008-Ohio-1795. On October 10, 2007, however, during the pendency of the appeal, the magistrate conducted a dispositional hearing concerning T.G. At the conclusion of the hearing, the magistrate ordered that the case plan be adopted, that the agency devise a plan to enable T.G.'s parents to participate in T.G.'s treatments and therapies, and that supervised parental visitation continue to occur in the parents' home twice per week for a period of two hours each.
 {¶ 3} Over appellant's objection, the trial court adopted the magistrate's decision on January 11, 2008. Appellant thereafter instituted the present appeal, advancing two assignments of error. Because our resolution of appellant's first assigned error is determinative of his second, we shall address the assignments of error together.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT HELD THE DISPOSITIONAL HEARING AND MADE DISPOSITIONAL ORDERS BECAUSE IT LACKED THE JURISDICTION AND AUTHORITY TO PROCEED."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT DID NOT MAKE AN EXPRESS FINDING REGARDING REASONABLE EFFORTS AND ABUSED ITS DISCRETION WHEN IT IMPLICITLY FOUND THAT REASONABLE EFFORTS HAD BEEN MADE BECAUSE THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING OF *Page 3 
REASONABLE EFFORTS AND/OR SUCH FINDING WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In his first assignment of error, appellant argues the trial court lacked jurisdiction to make dispositional orders where an appeal concerning the trial court's original adjudication and temporary custody decision was pending on appeal before this court. The agency, however, contends the dispositional order from which appellant appeals is not a final appealable order, precluding this court's review of the matter.
 {¶ 9} It is well-established that appellate courts have jurisdiction to review only final appealable orders from lower courts. In reAdams, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 26; In re T.M., Madison App. Nos. CA2006-01-001, CA2006-01-004, 2006-Ohio-6548, ¶ 12, citing Section 3(B)(2), Article IV, Ohio Constitution, In re Murray (1990),52 Ohio St.3d 155, 156, and R.C. 2505.03. Where an appeal involves matters lacking a final appealable order, an appellate court lacks jurisdiction to review such matters and must dismiss the appeal accordingly. In reT.M., citing In re J.V., Franklin App. No. 04AP-621, 2005-Ohio-4925, ¶ 24.
 {¶ 10} R.C. 2505.02(B) provides, in relevant part, that a "final order" is:
 {¶ 11} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 12} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."
 {¶ 13} The Ohio Supreme Court has held that proceedings in the juvenile division are special statutory proceedings. In re Adams
at ¶ 43. A "substantial right," for purposes of R.C. 2505.02, is a legal right entitled to enforcement and protection by law, and one which, if not immediately appealable, would foreclose appropriate relief in the future. In re T.M. at ¶ 17, 19. The Ohio Supreme Court has recognized that "parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a `substantial right' for *Page 4 
purposes of applying R.C. 2505.02." In re Murray at 157.
 {¶ 14} Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature. In reT.M. at ¶ 18, citing In re Murray. The purpose of a final appealable order is to prevent a case from being presented to the court of appeals in fragments. Id. at ¶ 21, citing Squire v. Guardian Trust Co. (1946),147 Ohio St. 1 and In re Boehmke (1988), 44 Ohio App.3d 125, 128. Notably, this court has previously held that a juvenile court's order modifying a case plan is not a final appealable order. See id. at ¶ 22, 23. Additionally, this court has held that a juvenile court's order denying a parent's motion for a change in visitation is not a final appealable order. See In re Neal (Mar. 7, 1994), Butler App. No. CA93-06-117, at 5, citing In re Boehmke (finding that "[w]ere * * * visitation provisions] considered a final order, there would be nothing to prevent the piecemeal litigation of each aspect of the proposal at issue, as well as any other steps the court might take prior to a final disposition of the custody issue. The resulting delay and disruption of the judicial process would benefit no one").
 {¶ 15} In this case, we conclude the trial court's dispositional order does not qualify as a final appealable order under either R.C. 2505.02(B)(1) or (2). The record demonstrates that upon commencement of the dispositional hearing, the agency requested that visitation be reduced and the case plan be adopted. The trial court, noting that an appeal was pending before this court, indicated it "may back away from certain dispositional recommendations" but that it would "make a decision as to what should happen at this point in time regarding some * * * services and * * * the issue of visitation * * *." A review of the transcript from the dispositional hearing demonstrates that the main issue addressed therein concerned visitation.
 {¶ 16} At the conclusion of the hearing, the trial court did not modify the temporary *Page 5 
custody order it had previously established, and that was pending on appeal at the time of the hearing, or make any custody determinations. Rather, the trial court ordered, in relevant part, that the case plan be adopted, and that parental visitation "continue to occur in their home * * * twice per week * * * for two (2) hours each. The [agency] shall make up for any missed visits caused by the weather or by the agency within thirty (30) days of any such missed visit."
 {¶ 17} It is clear such orders do not determine the action and prevent a judgment, as they do not determine the outcome of the underlying dependency action. See In re Adams, 2007-Ohio-4840 at ¶ 36, 37. See, also, In re T.M., 2006-Ohio-6548 at ¶ 22, 23. In addition, with respect to the court's order concerning adoption of the case plan, it is clear such order does not foreclose appellant from appropriate relief in the future. In re T.M. With respect to the court's visitation order, while a later appeal of such order would be "impracticable," Ohio courts have held there is "a compelling need to deny appellate review" of such matters to avoid piecemeal litigation and the resulting delay it causes both the parties and the judicial system. In re Boehmke,44 Ohio App.3d at 127-128. See, also, In re Neal, Butler App. No. CA93-06-117 at 5;In re Christian (July 23, 1992), Athens App. No. 1507, 1992 WL 174718 at *3, 4.
 {¶ 18} Accordingly, we find the dispositional order is not a final appealable order, and that this court is without jurisdiction to consider the matter. The present appeal must therefore be dismissed.
 {¶ 19} Appeal dismissed.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1