[Cite as *In re: K.L.*, 2018-Ohio-3139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| [K.L.], | : | No. 18AP-150 |
| | | (C.P.C. No. 16JU-13584) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Franklin County Children Services, | : | |
| Appellant]. | : | |
| In the Matter of: | : | |
| [C.B.], | : | No. 18AP-151 |
| | | (C.P.C. No. 16JU-13583) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Franklin County Children Services, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on August 7, 2018

**On brief**: *William T. Cramer*, for K.L.

**On brief**: Bringman Legal Co., L.P.A., and William Paul Bringman, for appellee J.L.

**On brief**: *Robert J. McClaren*, and *Jaqueline J. Rapier*, for appellant Franklin County Children Services.

APPEALS from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

BROWN, P.J.

{¶ 1} Franklin County Children Services ("FCCS"), appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations,

Juvenile Branch, in which the court temporarily restrained FCCS from placing K.L. and C.B. (collectively, "the children"), in a foster home or kinship placement outside of Franklin County, Ohio, or an adjoining county, until further order.

{¶ 2} Mother and K.L.'s father are the parents of K.L. Mother and C.B.'s father are the parents of C.B. The children were adjudicated neglected and dependent minors. On April 12, 2017, FCCS filed for permanent court commitment ("PCC") with regard to both children. During the period in question, the children were in kinship placement, but that placement was disrupting. There were maternal relatives in Texas interested in the placement of the children. Mother objected to the children moving to Texas. FCCS contended the Texas placement was the least restrictive placement, and it would continue its efforts to have all parents maintain consistent visitation with the children even if they were placed in Texas. On December 9, 2017, K.L.'s father filed for custody of K.L.

{¶ 3} On January 4, 2018, the court held a hearing for mother to present evidence opposing placement in Texas. On January 5, 2018, the court held a shelter-care hearing. At these hearings, evidence was presented that mother objected to placement in Texas, but both children wanted to be placed with relatives in Texas rather than being placed in foster care.

{¶ 4} Consequently, on February 2, 2018, the court issued an order in which it, among other things, temporarily restrained FCCS from placing the children in a foster home or kinship placemen outside of Franklin County, or an adjoining county, until further order. FCCS appeals the trial court's judgment, asserting the following assignments of error:

> [I.] R.C. 2151.353(A)(2), which allows the court to place a child into the custody of FCCS, does not contain any provision that allows the court to designate a specific placement for the child nor does it allow the court to restrict placement as a means to control the placement of the child. Thus, the Juvenile Court erred and exceeded its statutory authority by issuing a restrictive placement order which required FCCS to place the children in Franklin County or an adjoining county, which resulted in FCCS having to place the children into foster care when an appropriate relative is available.

> [II.] The Juvenile Court violated the doctrine of separation of powers by ordering FCCS to place or restricting FCCS to place the children in a specific placement.

{¶ 5} We have requested the parties file supplemental briefs regarding whether the judgment entry appealed from is a final appealable order, and the parties have done so. Ohio appellate courts have jurisdiction to review only final appealable orders of trial courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.01. If an order is not a final appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993), fn. 2. Appellate courts are tasked with the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 6} An appellate court engages in a two-step process when determining whether a judgment or order is final and appealable. First, the court must determine whether the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Nnadi v. Nnadi*, 10th Dist. No. 15AP-13, 2015-Ohio-3981, ¶ 12, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).

{¶ 7} A final order is statutorily defined by R.C. 2505.02, which provides as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶ 8} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. However, an order that is not final cannot be rendered final merely by the addition of Civ.R. 54(B) language. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989); *Fireman's Fund Ins. Cos. v. BPS Co.*, 4 Ohio App.3d 3, 4 (10th Dist.1982).

{¶ 9} Here, FCCS argues the order appealed from was made in a special proceeding and affected a substantial right, as contemplated in R.C. 2505.02(B)(2). While we agree that juvenile court proceedings were not known at common law and, thus, are special proceedings, *see In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43, we find the order did not affect a substantial right. A "substantial right," for purposes of R.C. 2505.02, is a legal right entitled to enforcement and protection by law, and one which, if not immediately appealable, would foreclose appropriate relief in the future. *In re T.M.*, 12th Dist. No. CA2006-01-001, 2006-Ohio-6548, ¶ 17, 19. The Supreme Court of Ohio has recognized that "parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a 'substantial right' for purposes of applying R.C. 2505.02." *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 10} However, as the court in *T.M.* explained, "whether an order is final and appealable turns on the effect that the order has on the pending action, rather than the name attached to it, or its general nature." *Id.* at ¶ 18, citing *Murray*. The purpose of a final appealable order is to prevent a case from being presented to the court of appeals in fragments. *Id.* at ¶ 21, citing *Squire v. Guardian Trust Co.*, 147 Ohio St. 1 (1946), and *In re Boehmke*, 44 Ohio App.3d 125, 128 (8th Dist.1988). To establish that an order affects a substantial right, the appellant must establish that, in the absence of immediate review of the order, he or she will be denied effective relief in the future. *Id.* at ¶ 19, citing *State v. Shaffer*, 8th Dist. No. 87552, 2006-Ohio-5563, ¶ 20; *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993); *In re Kinstle*, 3d Dist. No. 8-97-27 (Mar. 6, 1998).

{¶ 11} In the present case, the entry FCCS appealed resulted from a hearing on the case plan, a motion for custody by K.L.'s father, FCCS's motion to withdraw its motion for PCC, and FCCS's motion for an extension of custody of the children. The trial court's decision prevented FCCS from placing the children outside central Ohio, required K.L.'s father to complete a psychological evaluation, amended visitation, continued the hearings on the case plan, and K.L.'s father's motion for custody. None of these motions decided the case or prevented a judgment. This was an interlocutory order that could change and be amended by the trial court at any time in the future. The circumstances may change, and the trial court may modify or eliminate the central Ohio limitation on placement. As pointed out by K.L.'s counsel, if the case eventually ends with a result in which FCCS

disagrees, FCCS can appeal that determination, and the impact of the trial court's decision to limit placement to central Ohio at that juncture of the proceedings would be more fully understood, which would result in a more complete analysis.

{¶ 12} Other courts have addressed whether similar orders were final appealable orders. For example, in *In re T.G.*, 12th Dist. No. CA2008-01-026, 2008-Ohio-4165, after adjudicating the child dependent and awarding temporary custody to children services, the trial court issued another order providing that a case plan be adopted, that the agency devise a plan to enable the child's parents to participate in the child's treatment and therapy, and that supervised parental visitation continue to occur in the parents' home. However, on appeal of that determination, the appellate court found the order was not final and appealable. The appellate court reasoned the court's order concerned modification of parental visitation and adoption of a case plan, and such order did not determine the action and prevent a judgment, as it did not determine the outcome of the underlying dependency action. The appellate court also found that, with respect to the court's order concerning adoption of the case plan, such order did not foreclose appellant from appropriate relief in the future. The court held that, although a later appeal of the court's visitation order might be "impracticable," Ohio courts have held there is a compelling need to deny appellate review of such matters to avoid piecemeal litigation and the resulting delay it causes both parties and the judicial system.

{¶ 13} Similarly, in *T.M.*, the child was adjudicated dependent and a disposition was entered granting temporary custody to children services. After a dispositional review hearing, the trial court found reunification would not be in the child's best interest and ordered children services to modify the goal in the case plan from reunification to a goal other than reunification with the parents or the grandmother. On appeal by the parents and the grandmother, the appellate court found the trial court's order was not final and appealable. The appellate court noted the trial court's order did not change the temporary custody order or terminate any custody rights but only ordered children services to amend its stated goal in the case plan from the goal of reunification. The appellate court found it was clear the trial court's order did not decide the case and prevent a judgment, and the appellants were not foreclosed from appropriate relief in the future.

{¶ 14} The determinations in *T.G.* and *T.M.* are persuasive, and we find their circumstances analogous to those here. The trial court's order in the present case does not decide the case and prevent a judgment, and FCCS may obtain appropriate relief in the future. Therefore, we find the judgment FCCS has appealed from is not a final appealable order, and we dismiss its appeals.

{¶ 15} Accordingly, FCCS's appeals are dismissed for lack of a final appealable order.

*Appeals dismissed.*

SADLER and BRUNNER, JJ., concur.

_____