[Cite as *In re J.P.*, 2019-Ohio-197.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| J.P. | : | CASE NO. CA2018-01-011 |
| | : | O P I N I O N<br>1/22/2019 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 17-D000115

Eric V. Robinson, 62 Remick Blvd., Springboro, Ohio 45066, for appellant, A.T.

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee, Warren County Children Services

**PIPER, J.**

{¶ 1} Appellant, A.T. ("Mother"), appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, granting a child services agency's motion to stay an aspect of Mother's visitation with her child, J.P.

{¶ 2} Warren County Children Services ("the Agency") filed a complaint alleging that J.P. was dependent because the child was drug dependent when born and remained in the hospital's care to manage symptoms of drug withdrawal. The juvenile court immediately

ordered that the child be placed in the Agency's emergency care with temporary custody of J.P. given to the child's paternal grandparents. The juvenile court later adjudicated J.P. dependent based upon stipulations from the parties.

{¶ 3} Soon after the court's adjudication, the court ordered that the child remain in the temporary custody of the paternal grandparents. The court allowed Mother and J.P.'s father ("Father") to have supervised visitation and one weekly unsupervised overnight visit. The Agency filed a motion to stay the portion of the order pertaining to the overnight visitation when it learned that Mother was not following some aspects of the case plan. A magistrate eventually granted the stay pending a phone conference between the court and the parties.

{¶ 4} However, before the phone conference was held, Mother filed a motion in opposition to the stay and requested an oral hearing. At that time, the juvenile court denied the Agency's request for a stay. The Agency then filed a motion for reconsideration of the juvenile court's denial of the stay.

{¶ 5} While the motion for reconsideration was pending before the juvenile court, the magistrate stayed the order of unsupervised overnight visitation. Father then filed a motion to set aside the magistrate's order. A day after that, Mother filed a motion to dismiss the Agency's motion for reconsideration and a motion to set aside the magistrate's order. Soon thereafter, the juvenile court denied Mother and Father's motions and adopted the magistrate's order to stay the unsupervised overnight visitation.

{¶ 6} Mother now appeals the juvenile court's order adopting the magistrate's decision, raising four assignments of error for our review. However, we find that Mother's appeal must be dismissed, as there is no final appealable order and we lack jurisdiction to proceed.

{¶ 7} Appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C.

2505.02. Appellate courts lack jurisdiction to review nonfinal appealable orders and must dismiss matters lacking final appealable orders. *In re C.G.*, 12th Dist. Preble Nos. CA2007-03-005 and CA2007-03-006, 2007-Ohio-4361.

{¶ 8} For a judgment to constitute a final appealable order, the entry must meet the requirements of R.C. 2505.02. The statute defines final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Specific to special statutory proceedings, such as those in the juvenile court, a final order is "an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2); *In re T.M.*, 12th Dist. Madison Nos. CA2006-01-001 and CA2006-01-004, 2006-Ohio-6548. "An order granting a stay is not a final appealable order because it does not affect a substantial right, but merely puts the case on hold." *In re Adoption of B.R.C.*, 4th Dist. Scioto No. 14CA3638, 2014-Ohio-3391, ¶ 5.

{¶ 9} After reviewing the record, we find that the juvenile court's grant of the stay is not a final appealable order because the stay merely maintained the status quo of the case rather than affecting a substantial right, determining the action, or preventing judgment. The court's decision did not change custody of the child, nor did it impede Mother from visiting with the child, as the stay only impacted the overnight unsupervised aspect of visitation not the supervised visits that continued to occur. *See Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 26 ("a stay is not an offshoot of the main action; it is the main action postponed"). Jurisdiction properly remained with the juvenile court to make final determinations regarding visitation issues while the child is in temporary custody of the paternal grandparents.

{¶ 10} Accordingly, we find the juvenile court's order staying the overnight unsupervised aspect of visitation is not a final appealable order, and that this court is without

jurisdiction.  The present appeal must therefore be dismissed.

**{¶ 11}** Appeal dismissed.

RINGLAND, P.J., and M. POWELL, J., concur.