[Cite as *M.K. v. R.K.*, 2023-Ohio-3475.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

M.K., :

    Plaintiff-Appellee, :

                                 No. 112291

    v.

R.K., :

    Defendant-Appellant. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-384196

---

## *Appearances:*

Schneider Smeltz Spieth Bell LLP, Ryan P. Nowlin, Mark
M. Mikhaiel, and Jenna R. Bird, *for appellant.*

Baron Family Law LLC, Alexis M. Gacey, and Brittany A.
Baron, *for appellee.*

MICHAEL JOHN RYAN, J.:

**{¶ 1}** Defendant-appellant, R.K., mother of B.K. ("Mother"), appeals from the domestic relations court's January 5, 2023 judgment certifying all issues pertaining to the allocation of parental rights and responsibilities of B.K., the minor child at issue in this appeal, to the Cuyahoga County Juvenile Court. After a thorough review of the facts and pertinent law, we reverse and remand.

## Procedural History

**{¶ 2}** Plaintiff-appellee, M.K., father of B.K. ("Father"), initiated this divorce proceeding against Mother in 2021. In addition to B.K., the parties have another minor child who is not at issue in this appeal. The record demonstrates that B.K. and Father had a contentious relationship and there were allegations that Mother alienated the child from Father. A guardian ad litem ("GAL") was appointed for the children. The GAL filed his formal report in December 2022, ahead of the scheduled January 2023 trial.

**{¶ 3}** The trial began in early January 2023, and started with consideration of a pending motion requesting that Mother be "blacked out" from having contact with B.K. for a 90-day period. Father called Mother as if on cross-examination. The following day, having only heard Mother's testimony, the trial court issued the judgment that is the subject of this appeal. The judgment, which states that it was based on the trial court's review of the GAL's report, reads in pertinent part as follows:

Upon the Court's own motion, pursuant to Ohio Revised Code Section 3109.04(D)(2), to certify the record in this case to the Cuyahoga County Juvenile Court, this Court makes the following findings[:]

1) The minor child, B.K.[,] * * * is subject to this Court's jurisdiction[;]

2) Due to B.K.'s homicidal ideations towards his father, and mother[']s persistent parental alienation of B.K. from his father, both parents are unsuitable to have the parental rights for the care of the minor child and are unsuitable to provide the place of residence; and

3) Both parents are unsuitable to be designated Residential Parent and Legal Custodian of the minor child B.K.

Trial court's judgment entry (Jan. 5, 2023).

**January 5, 2023 Judgment is a Final, Appealable Order**

{¶ 4} Mother has filed this interlocutory appeal from the January 5, 2023 judgment. Father has filed a motion to dismiss, in which he contends that the judgment is not a final, appealable order. For the reasons set forth below, we find that the judgment is a final, appealable order.

{¶ 5} This court has jurisdiction over "final orders" of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). An appellate court can only review final, appealable orders. What constitutes a "final, appealable order," as applicable here, is statutorily defined as "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment [.]" R.C. 2505.02(B).

{¶ 6} A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Divorce actions are "special proceedings" within the

meaning of R.C. 2505.02. *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6, citing *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (1994).

{¶ 7} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A "substantial right" is essentially a legal right that is enforced and protected by law. *State v. Coffman*, 91 Ohio St.3d 125, 127, 742 N.E.2d 644 (2001). Decisions involving the care and custody of a child implicate substantial rights of the biological parents. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 16.

{¶ 8} The case law is lacking on the particular final, appealable order issue presented in this case. The specific issue being whether a domestic relations court's order of certification to a juvenile court the allocation of parental rights and responsibilities of a child subject to a pending divorce proceeding (i.e., an order not made pursuant to, or in tandem with, a final divorce decree) is a final, appealable order.[1] For the reasons discussed below, we find that it is.

{¶ 9} Although the trial court's judgment here did not explicitly grant custody of the child to the Cuyahoga County Division of Children and Family Services ("CCDCFS"), the practical effect of the trial court's judgment was to divest the parents of at least the care of B.K., if not the custody of the child as well. The

---

[1] A final, appealable order exists as to a certification order when it occurs at the conclusion of a divorce proceeding. *See Robinson v. Robinson*, 19 Ohio App.3d 323, 484 N.E.2d 710 (10th Dist.1984).

court found B.K.'s parents "unsuitable to have the parental rights for the care of the minor child and * * * unsuitable to provide the place of residence."

{¶ 10} Further, under the statute invoked by the trial court for the certification, R.C. 3109.04(D)(2), "upon the certification, the juvenile court has exclusive jurisdiction." Thus, Mother would not have the ability at the end of the divorce proceeding to appeal the certification issue, because the domestic relations court's jurisdiction over issues relative to the issues regarding the allocation of parental rights and responsibilities of B.K. would have long been nonexistent.

{¶ 11} *In re C.L.M.*, 8th Dist. Cuyahoga No. 99622, 2013-Ohio-4044, is also instructive. In *In re C.L.M.*, a juvenile was adjudicated delinquent and committed to a youth facility for a minimum period of one year and a maximum period until his 21st birthday. After serving the minimum period of time, the juvenile was granted supervised release and placed on the trial court's re-entry docket. The juvenile was placed in a group home and the department of youth services maintained legal custody of him.

{¶ 12} Shortly after the juvenile's release, a complaint for a violation of the terms of his supervised release was filed, and after a hearing it was determined that he was in violation. The re-entry court found that the juvenile had not committed a new offense whereby he could be committed to a youth services facility and therefore the court issued an order granting emergency custody of the juvenile to the Cuyahoga County Division of Children and Family Services ("CCDCFS"). CCDCFS appealed.

{¶ 13} This court found that the trial court's order was a final, appealable order.

> [W]e conclude that a substantial right is affected in this case. Because the emergency custody order affects a substantial right made in a special proceeding, the order is final and appealable under R.C. 2505.02(B)(2).

*In re C.L.M.*, at ¶ 17.

{¶ 14} This court reasoned that, "[i]n short, the order imposed custody on CCDCFS where no custody previously existed, and required CCDCFS to fulfill a multitude of statutory obligations." *Id.* Similarly, here, the trial court's order imposed jurisdiction on the juvenile court where jurisdiction previously did not exist.

{¶ 15} In another instructive case, *Covell v. Covell*, 4th Dist. Pickaway No. 17CA19, 2018-Ohio-3358, the Fourth District Court of Appeals held that a judgment finding the parents of minor children unsuitable to parent and granting temporary custody to a relative was a final, appealable order. The court reasoned that "the trial court's order met the requirements of R.C. 2505.02, by affecting a substantial right in a special proceeding, and therefore constituted a final appealable order." *Id.* at ¶ 11, fn.3.

{¶ 16} We recognize that it may be best practice to address all the issues in a single divorce decree but, where, as in this case, the proceedings relate to the transfer of parental rights and responsibilities to the juvenile court, the need for immediate review outweighs the harm caused by piecemeal appeals. *See Stackhouse v.*

*Stackhouse*, 2d Dist. Montgomery No. 15710, 1996 Ohio App. LEXIS 4853, 3 (Nov. 8, 1996).

{¶ 17} Based on the discussion above, we find that the trial court's January 5, 2023 judgment in this case affects a substantial right in a special proceeding and is a final, appealable order.

## Assignments of Error

I. The Trial Court erred when it certified all issues to the Juvenile Division pertaining to allocation of parental rights and responsibility of B.K. without making a finding that it is in the best interests of B.K.

II. The Trial Court erred when it held that both parents are unsuitable to have the parental rights and to provide the place of residence to B.K.

III. The trial court erred when it relied on the GAL's Report in the Judgment Entry.

## Law and Analysis

{¶ 18} We begin our analysis by acknowledging that it is well recognized that the right to raise a child is an "'essential' and 'basic' civil right." *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997), quoting *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990). Moreover, a parent's right to custody of his or her child is "'paramount.'" *In re Hayes* at *id.*, quoting *In re Perales*, 52 Ohio St.2d 89, 97, 369 N.E.2d 1047 (1977). Because a parent has a fundamental liberty interest in the custody of his or her child, this important legal right is "protected by law and, thus, comes within the purview of a substantial right." *In re Murray* at 157. Therefore,

parents "must be afforded every procedural and substantive protection the law allows." *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (6th Dist. 1991).

**Trial Court's Findings Insufficient to Certify Case**

{¶ 19} Relevant to the instant case, R.C. 3109.04(D)(2) provides a domestic relations court with the authority to certify a case to juvenile court. *See Haynes v. Haynes*, 12th Dist. Warren No. CA2016-07-067, 2017-Ohio-2718, stating that "there are a number of means by which a juvenile court may acquire jurisdiction over parenting matters[,]" and thus, "[f]or R.C. 3109.04(D)(2) and 3109.06 to be given full effect, they may only be interpreted as permitting distinct methods of certification." *Id.* at ¶ 13, ¶ 19.

{¶ 20} R.C. 3109.04(D)(2), the provision on which the trial court's judgment was based, provides as follows:

> If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with as much of the record and the further information, in narrative form or otherwise, that it considers necessary or as the juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction.

{¶ 21} Thus, under the plain language of R.C. 3109.04(D)(2), "[i]t must be in the best interests of the children to issue a finding that neither parent is suitable to have parental rights or be the custodial parent." *See v. See*, 8th Dist. Cuyahoga No. 77850, 2000 Ohio App. LEXIS 4784, 5 (Oct. 12, 2000). In her first assignment of error, Mother contends that the trial court erred in certifying all issues relative to

the allocation of parental rights for B.K. to the juvenile court without making a finding that it was in B.K.'s best interests.

{¶ 22} In response, Father contends that the best-interest analysis only comes into play after a finding of parental unsuitability and cites *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, and *In re Perales*, 52 Ohio St.2d 89, 369 N.E.2d 1047 (1977), in support of his contention. Father further contends that Mother is "[q]uite frankly * * * parsing hairs by arguing that the January 5, 2023 Judgment Entry is erroneous for omitting specific reference to the term 'best interest.'"

{¶ 23} Both *In re C.V.M.* and *In re Perales* deal with custody disputes that arose from juvenile court proceedings, not domestic relations court, as is the case here. In *In re Perales*, the mother-appellant contended that the best-interest test provided in R.C. 3109.04 should have applied to her case in juvenile court. The Supreme Court of Ohio noted the distinction between a custody dispute arising from a juvenile court proceeding and one arising from a divorce proceeding, stating that in a divorce proceeding "the welfare of the child would be the only consideration before the court," while in a juvenile court custody proceeding the "scope of inquiry must, of necessity, be broader." *In re Perales* at 96.

{¶ 24} The domestic relations court invoked R.C. 3109.04(D)(2) as the basis of the certification. That statute requires a best-interest determination, which the trial court failed to make.

{¶ 25} In her second assignment of error, Mother contends that the trial court failed to make any one finding required for parental unsuitability. In order to find parental unsuitability, the court must determine, by a preponderance of the evidence, that the parent abandoned the child, contractually relinquished custody of the child, has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child. *Masitto v. Masitto*, 22 Ohio St.3d 63, 65, 488 N.E.2d 857 (1986); *In re Perales* at 98.

{¶ 26} The trial court's judgment finds Mother and Father unsuitable, but fails to state that its finding is made by a preponderance of the evidence based on one of the above-mentioned findings. Thus, because the trial court failed to make either a best-interest determination or a proper unsuitability finding, we find the first and second assignments of error well taken.

{¶ 27} Because the trial court here did not make the appropriate finding under the statute it invoked — R.C. 3109.04(D)(2) — we reverse and remand.

**Trial Court's Reliance on GAL's Report**

{¶ 28} For her third assignment of error, Mother contends that the trial court erred in relying on the GAL's report in its judgment because: (1) the report was not admitted as an exhibit in contravention of Sup.R. 48.06(2), (2) the parties were not afforded an opportunity to cross-examine the GAL, and (3) "[t]he entire admissibility of the report is problematic, as virtually all of the medical findings are privileged and inadmissible."

{¶ 29} Initially, we note that the "rules of superintendence are merely guidelines and do not have the force and effect of statutory law." *O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶ 56, citing *In re D.C.J.*, 2012-Ohio-4154, 976 N.E.2d 931, ¶ 48 (8th Dist.). "They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (3d Dist.1976).

{¶ 30} It is true that the report was not admitted into evidence. However, the record demonstrates that counsel and the trial court were provided a copy of the report on December 29, 2022, and thus, there was no violation of the parties' due process rights. Further, the trial court specifically stated that it was not attaching a copy of the report to its judgment "to protect the rights of the parties and the minor child from subsequent dissemination of privileged information received as a result of medical releases," which was appropriate. The report was filed under seal with this court.

{¶ 31} We do agree with Mother, however, that the trial court's reliance on the report without having had afforded the parties the opportunity to cross-examine the GAL was an abuse of discretion. In *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, the Supreme Court of Ohio held that "[i]n a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the

guardian ad litem concerning the contents of the report and the basis for a custody recommendation." *Id.* at syllabus.

{¶ 32} At least one appellate district has held that *Hoffman's* holding applies in custody proceedings outside of the context of the termination of parental rights. In *Schill v. Schill*, 11th Dist. Geauga No. 2002-G-2465, 2004-Ohio-5114, where a child's custody was at issue in a divorce proceeding, the Eleventh Appellate District held that "the trial court's consideration of the GAL's findings, without providing the parties opportunity to cross-examine the guardian, violated due process and was an abuse of discretion." *Id.* at ¶ 59; *see also Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, *In re Gruber*, 11th Dist. Trumbull No. 2007-T-0001, 2007-Ohio-3188, and *In re Seitz*, 11th Dist. Trumbull No. 2002-T-0097, 2003-Ohio-5218.

{¶ 33} Thus, Mother's third assignment of error is well taken to the extent that the trial court's reliance on the GAL's report without affording the parties an opportunity to cross-examine the GAL was an abuse of discretion.

{¶ 34} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, J., CONCURS;
EILEEN T. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, P.J., DISSENTING:

{¶ 35} Respectfully, I dissent from the majority's determination that the trial court's January 5, 2023 judgment constitutes a final, appealable order. It is my belief that because the trial court's application of R.C. 3109.04(D)(2) was not incorporated into a final divorce decree, the judgment did not satisfy the requirements of R.C. 2505.02 on its own.

{¶ 36} As stated by the majority, appellate courts have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2), Ohio Constitution. R.C. 2505.02(B) sets forth several types of final, appealable orders. The majority's analysis involves the category defined in R.C. 2505.02(B)(2), which provides that an "order that affects a substantial right made in a special proceeding" is a final, appealable order. The Ohio Supreme Court has held that an order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if "in the absence of immediate review of the order [the appellant] will be denied effective relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶ 37} Thus, to demonstrate that the trial court's order transferring jurisdiction to the juvenile court is a final, appealable order, Mother must show (1)

that the order was made in a special proceeding, (2) that the order affects a substantial right, and (3) that she would not be able to effectively protect her substantial right without immediate review. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 11.

{¶ 38} In this case, there is no dispute that the trial court's judgment was made in the midst of a divorce action and was thereby made in a "special proceeding" as contemplated under R.C. 2505.02(A)(2). I further recognize the well-established principle that decisions involving the care and custody of a child implicate substantial rights of the biological parents. With that stated, however, the trial court's January 5, 2023 judgment did not, either expressly or inherently, constitute an order for emergency or permanent custody to either parent. Nor did the trial court's judgment designate a nonparent as the child's temporary custodian. The judgment was limited to an application of R.C. 3109.04(D)(2) and the court's determination that it was necessary to transfer the matter to the juvenile court for further proceedings relating to the best interests of B.K. Although the statute required the court to consider the best interests of the child, the trial court did not render a final judgment concerning the allocation of Mother and Father's parental rights and responsibilities.

{¶ 39} In the absence of a final divorce decree, this appeal concerns a section of R.C. 3109.04 that contemplates jurisdiction and does not determine the action or otherwise constitute a final determination concerning the appropriate placement of a child. In my view, the court's judgment is more analogous to a transfer of venue

or bindover proceedings, the judgments of which are merely procedural and do not constitute final, appealable orders. *See, e.g., Farshchian v. Glenridge Machine Co.*, 8th Dist. Cuyahoga No. 91821, 2009-Ohio-1602, ¶ 10 ("[W]e find that the transfer of jurisdiction in this case does not determine the action and prevent a judgment because it is procedural; it does not decide any claim."); *In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 12-13 (a bindover proceeding in juvenile court is a provisional remedy).

{¶ 40} While the majority decision appears to take issue with the court's adoption of the GAL's recommendation to restrict the parents' access to the child until certain conditions are fulfilled, that judgment is not before this court. The resolution of the parties' parental rights and responsibilities will be determined by the juvenile court at a later date. Although the majority correctly states that Mother and Father may not have the opportunity to effectively appeal the certification issue at the end of the divorce proceedings, the parties will have the opportunity to effectively protect their substantial rights as B.K.'s biological parents once a final, appealable custody order is issued by the court of jurisdiction. Similarly, Mother has not presented any caselaw to suggest that she would be prevented from challenging the trial court's application of R.C. 3109.04(D)(2) once the juvenile court issues a final, appealable order.

**{¶ 41}** Based on the foregoing, I am therefore unpersuaded by the majority's conclusion that the trial court's judgment affected a substantial right in a special proceeding. Accordingly, I would dismiss this appeal for lack of a final, appealable order.