**[Cite as *In re Pena*, 2021-Ohio-531.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re Mary Pena

Court of Appeals No. E-19-060

Trial Court No. 20197041

**DECISION AND JUDGMENT**

Decided:  February 26, 2021

* * * * *

Edward J. Stechschulte, for appellant.

N. Bradford Wells, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Mary Pena, appeals the orders of the Erie County Court of

Common Pleas, Probate Division, ordering her to be temporarily detained following its

determination that there was probable cause to believe that she was a mentally ill person.

Because a review of the probate court's orders is moot, the appeal must be dismissed.

## I. Facts and Procedural Background

{¶ 2} On September 27, 2019, Joseph Supina, an employee at Firelands Regional Medical Center ("Firelands"), filed an affidavit of mental illness in the Erie County Court of Common Pleas, Probate Division ("Erie County Probate Court"), in accordance with R.C. 5122.11 and 5122.111. The matter was assigned case No. 20197041. That same day, based on the allegations contained in the affidavit, the Erie County Probate Court entered an "Order of Detention" and an "Order to Convey," stating that the court found probable cause to believe that appellant was a mentally ill person subject to hospitalization by court order. The orders directed the Erie County Sheriff to apprehend appellant and detain her at Firelands, or at an inpatient facility designated by Firelands. A return of the orders was filed in the record, showing that the orders were delivered to Firelands Hospital Emergency Room on the same day, i.e., September 27, 2019. No further action was taken by the Erie County Probate Court.

{¶ 3} The following facts come from the record in case No. 2019 MHO 000217 in the Lucas County Court of Common Pleas, Probate Division.[1]

---

[1] Notably, the procedural history of this case is curious in that the matter seems to have been abandoned entirely in the Erie County Probate Court, and appellant's involuntary commitment was pursued separately through the Lucas County Probate Court. This despite the fact that R.C. 5122.11 provides that "If a temporary order of detention is issued and the person is transported to a hospital or other designated place, the court that issued the [temporary] order shall retain jurisdiction over the case as it relates to the person's outpatient treatment, notwithstanding that the hospital or other designated place to which the person is transported is outside the territorial jurisdiction of the court."

2.

**{¶ 4}** On September 28, 2019, appellant was admitted to ProMedica Flower Hospital, a Division of ProMedica Toledo Hospital ("Flower Hospital") in Lucas County, Ohio, on an emergency basis. Records show that she was admitted by a representative from Firelands Counseling and Recovery Services. On September 30, 2019, appellant requested a discharge from Flower Hospital.

**{¶ 5}** The next day, on October 1, 2019, Dr. Kal Gupta, residing at Flower Hospital, filed an affidavit of mental illness in the Lucas County Court of Common Pleas, Probate Division ("Lucas County Probate Court"), in accordance with R.C. 5122.11 and 5122.111. The matter was assigned case No. 2019 MHO 000217. That same day, based on the allegations contained in the affidavit, the Lucas County Probate Court entered an "Order of Detention" directing Dr. Agha Shahid, Medical Director of the Department of Psychiatry at Flower Hospital, to detain appellant. The Lucas County Probate Court appointed an attorney for appellant, and scheduled a hearing for October 3, 2019.

**{¶ 6}** At the hearing, the case was prosecuted by an attorney for the Mental Health and Recovery Board of Erie County. Dr. Gupta and appellant testified. There was no mention of the case originating in the Erie County Probate Court. Following the hearing, the magistrate found clear and convincing evidence that appellant is a mentally ill person, and ordered appellant to be committed to Firelands Counseling and Recovery Services for a period not to exceed 90 days. The magistrate ordered that the least restrictive alternative was inpatient hospitalization at Flower Hospital and Northwest Ohio Psychiatric Hospital.

3.

{¶ 7} On October 17, 2019, appellant filed her objections to the magistrate's decision in accordance with R.C. 5122.15(J). A hearing was held on those objections on October 24, 2019. At the hearing, the only witness, Dr. Robyn Foy, testified that appellant did not need to be involuntarily committed. Based upon Dr. Foy's testimony, the Lucas County Probate Court found appellant's objections well-taken. The court determined that there was not "clear and convincing evidence that the respondent is a mentally ill person subject to Court Order as defined in R.C. 5122.01(B)," and thus ordered appellant to be discharged. No further action was taken in the Lucas County Probate Court.

{¶ 8} On November 7, 2019, appellant filed a pro se notice of appeal from the Erie County Probate Court's September 27, 2019 "Order of Detention" and "Order to Convey" in case No. 20197041. Appellant did not file a notice of appeal from the Lucas County Probate Court's judgments. Thereafter, appellant moved to supplement the record with the proceedings from Lucas County Probate Court case No. 2019 MH 000217, which we granted.

## II. Assignments of Error

{¶ 9} Appellant presents three assignments of error in support of her appeal:

1. The Erie County Probate Court lacked jurisdiction to detain Ms. Pena.

4.

2. The Magistrate's Decision to Commit Ms. Pena [Was] Contrary to Law Because There Was Insufficient Evidence to Show by Clear and Convincing Evidence that the Requirements of R.C. 5122.11 Were Met.

3. The Probate Court Erred in Failing to Conduct a Probable Cause Hearing.

### III. Analysis

{¶ 10} "Appellate courts are tasked with the duty to sua sponte examine any deficiencies in jurisdiction." *K.L. v. Franklin Cty. Children Servs.*, 2018-Ohio-3139, 106 N.E.3d 1286, ¶ 5 (10th Dist.). Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶ 11} At the outset, we note that appellant has not filed an appeal from the judgments of the Lucas County Probate Court. R.C. 2505.04 provides that "[a]n appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure." To that end, App.R. 3(A) states that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." Here, appellant has never filed a written notice of appeal with the clerk of the Lucas County Probate Court. Thus, the judgments of that court are not before us, and our review is limited to the September 27, 2019 orders of the Erie County Probate Court.

5.

{¶ 12} For this reason, appellant's second assignment of error, challenging the magistrate's decision following the October 3, 2019 hearing in the Lucas County Probate Court, is not well-taken, and is dismissed for lack of jurisdiction.

{¶ 13} In her first and third assignments of error, appellant challenges the September 27, 2019 orders of the Erie County Probate Court. Specifically, appellant argues in her first assignment of error that Supina's affidavit failed to comply with R.C. 5122.111, and thus the court never acquired jurisdiction over her. In her third assignment of error, appellant argues that the court failed to conduct a probable cause hearing. We find these assignments of error to be moot.

{¶ 14} In *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, the Ohio Supreme Court described that

> [a]ctions are moot when they are or have become fictitious, colorable, hypothetical, academic, or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy. (Internal quotations omitted.)

6.

{¶ 15} Appellant argues that her appeal is not moot, citing *In re D.B.*, 10th Dist. Franklin No. 14AP-44, 2014-Ohio-1464, ¶ 7, in which the Tenth District held that "An adjudication by the probate court of mental illness carries a stigma that can have a significant impact and adverse consequences on the individual's life." In that case, the court determined the action was not moot even though D.B. had been released to family members during the pendency of the appeal. *Id.; see also In re Miller*, 63 Ohio St.3d 99, 585 N.E.2d 396 (1992) (hearing appeal from an involuntary commitment even though Miller terminated the involuntary commitment under R.C. 5122.15(G)(1) by accepting a voluntary commitment).

{¶ 16} The present case is distinguishable from *In re D.B.*, however, because it does not involve an adjudication of mental illness. Rather, the orders issued by the Erie County Probate Court were temporary orders based upon a probable cause determination. R.C. 5122.11 provides,

> Proceedings for a mentally ill person subject to court order pursuant to sections 5122.11 to 5122.15 of the Revised Code shall be commenced by the filing of an affidavit in the manner prescribed by the department of mental health and addiction services and in a form prescribed in section 5122.111 of the Revised Code, by any person or persons with the probate court, either on reliable information or actual knowledge, whichever is determined to be proper by the court.
>
> * * *

7.

Upon receipt of the affidavit, if a judge of the court or a referee who is an attorney at law appointed by the court has probable cause to believe that the person named in the affidavit is a mentally ill person subject to court order, the judge or referee may issue *a temporary order of detention* ordering any health or police officer or sheriff to take into custody and transport the person to a hospital or other place designated in section 5122.17 of the Revised Code, or may set the matter for further hearing. (Emphasis added.)

{¶ 17} Following the temporary order of detention under R.C. 5122.11, the respondent with respect to whom proceedings have been instituted must be afforded a hearing "within five court days from the day on which the respondent is detained or an affidavit is filed, whichever occurs first." R.C. 5122.141(B). "Failure to conduct the hearing within this time shall effect an immediate discharge of the respondent. If the proceedings are not reinstituted within thirty days, all records of the proceedings shall be expunged." *Id.*

{¶ 18} The unique procedural history in this case complicates matters in that the proceedings involved two different jurisdictions. Nevertheless, we find that the appeal is moot because the case ended without an adjudication of mental illness either when the Erie County Probate Court failed to hold a hearing under R.C. 5122.141(B) within five court days after the affidavit was filed, or on October 24, 2019, when the Lucas County Probate Court determined that there was not clear and convincing evidence that appellant

8.

was a mentally ill person and thus discharged her.[2] *See* R.C. 5122.141(C) ("If the court does not find that the respondent is a mentally ill person subject to court order, it shall order the respondent's immediate discharge, and shall expunge all record of the proceedings during this period."). Therefore, we hold that there is no actual, genuine live controversy before us.[3]

{¶ 19} Accordingly, appellant's first and third assignments of error are not well-taken, and are dismissed as moot.

---

[2] R.C. 5122.15(J) provides, "A referee appointed by the court may make all orders that a judge may make under this section and sections 5122.11 and 5122.141 of the Revised Code, except an order of contempt of court. The orders of a referee take effect immediately. Within fourteen days of the making of an order by a referee, a party may file written objections to the order with the court. The filed objections shall be considered a motion, shall be specific, and shall state their grounds with particularity. Within ten days of the filing of the objections, a judge of the court shall hold a hearing on the objections and may hear and consider any testimony or other evidence relating to the respondent's mental condition. At the conclusion of the hearing, the judge may ratify, rescind, or modify the referee's order."

[3] We note that appellant has not filed a motion to expunge the record, nor has the Erie County Probate Court expunged the record of the proceedings sua sponte, despite the fact that the Erie County Probate Court did not hold a hearing within five court days from when Supina filed his affidavit, the proceedings were not reinstituted in Erie County within 30 days, and the matter ultimately ended when the Lucas County Probate Court determined that appellant was not a mentally ill person subject to court order as defined in R.C. 5122.01(B).

9.

## IV.  Conclusion

{¶ 20} For the foregoing reasons, appellant's appeal from the September 27, 2019 orders of the Erie County Probate Court is hereby dismissed as moot.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        
_____
JUDGE

Thomas J. Osowik, J.        

_____
JUDGE

Christine E. Mayle, J.        
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

10.