[Cite as *In re D.M.*, 2023-Ohio-3874.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.M.                                          :

                                                    :          No. 112215

A Minor Child                                       :

[Appeal by T.S., Mother]                            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA19101755

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A.
Cruz, and Kelley R. Tauring, *for appellant.*

McArtor, Aupperle & Co., David L. McArtor, Kristopher K.
Aupperle, and Bradley A. Novak, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant T.S. (hereinafter "Mother") appeals the decision of the Cuyahoga County Juvenile Court granting appellee P.M.'s (hereinafter "Father") motions to modify parenting time and to modify residential and custodial parent. For the reasons that follow, we reverse and remand.

## I. Background

{¶ 2} Mother and Father are the parents of D.M., who was born on December 15, 2010. Father initiated the underlying case when he filed an application to establish parenting time on February 12, 2019. Pretrials were held in April and May 2019; both parents attended. The trial court appointed a guardian ad litem ("GAL") for the child. At the May hearing, the trial court ordered the current parenting time arrangements to remain in effect, which were that Father would continue to have overnight parenting time from Friday after school until Saturday at 7 p.m. and alternating weekends.

{¶ 3} On August 26, 2019, Father filed a motion for temporary custody, alleging Mother was unable to maintain custody because she was in jail after pleading no contest to attempted possession of drugs (methamphetamine) and assault/domestic violence, the victim being Mother's sister. On the same date, maternal grandmother filed a motion to intervene, an application to determine custody, and a motion for temporary custody. In September 2019, the trial court held a hearing; Father, maternal grandmother, and the GAL attended. The trial court noted Mother was not able to attend because she was in jail. The trial court granted maternal grandmother's motion to intervene and granted her visitation. The court granted temporary custody of the child to Father.

{¶ 4} On February 27, 2020, the trial court held another hearing and Mother, Father, and maternal grandmother attended. The court noted that Mother had been released from jail and was engaged in after-care services. The court further

noted that Mother had had parenting time with the child with the transitional support of maternal grandmother, including overnight visitation. The trial court ordered the child to remain in the father's temporary custody and granted Mother visitation and phone contact with the child. On October 23, 2020, the trial court held another hearing at which Mother appeared, with counsel, Father appeared without counsel, and the GAL also appeared. The trial court kept prior orders in place.

{¶ 5} On March 3, 2021, the trial court adopted a shared parenting plan wherein both parties were named residential parents and Father was designated the residential parent for school purposes. Included in the shared parenting plan was a provision that either party could demand a drug test to be taken within 24 hours upon suspicion of drug use.

{¶ 6} On February 17, 2022, Father filed motions to modify child support, modify residential and custodial parent, and for contempt and attorney fees. According to Father's affidavit, he requested Mother submit to a drug test on February 8, 2022, but she failed to do so. He further averred that Mother had a pending criminal case and asked the court to change Mother's visitation so that she was allowed only "non-overnight supervised parenting time to be supervised by a neutral third party." Father requested that he be designated the sole residential and custodial parent for the child.

{¶ 7} On April 1, 2022, the trial court held a hearing. Mother and Father appeared with respective counsel. The court noted that Father had requested

Mother to submit to a drug test but that no test results were forthcoming and Father no longer allowed Mother to visit with the child. Mother, through her attorney, advised that she would immediately take a drug test. The trial court continued the hearing until June 27, 2022. On April 2, 2022, Mother took a drug test, which was negative.

{¶ 8} Mother's counsel, Father, Father's counsel, and the GAL appeared for the June 27, 2022 hearing; Mother failed to appear. At this hearing, the court set a November 1, 2022 trial date. On June 30, 2022, Mother's counsel filed a motion to withdraw.

{¶ 9} On October 25, 2022, the GAL filed his report. On the day of trial, Father, his counsel, and a "substitute GAL" appeared. Neither Mother nor her attorney appeared for trial. The trial court acknowledged on the record that Mother had contacted the court, had been in an accident and was hospitalized, and, therefore, could not appear for trial. The court proceeded to trial without Mother or her counsel present.

{¶ 10} On November 8, 2022, the trial court journalized its entry granting Mother's attorney's motion to withdraw. On November 10, 2022, the trial court issued an order designating Father as the residential and legal custodian of the child. Specifically, the court terminated the shared parenting plan and ordered the following:

> Mother is to have supervised parenting time with the child as arranged by the parties pending further order of court. The nonresidential parent should not have access to records related to the child under the

same terms and conditions as provided for the residential parent to avoid undue influence. The nonresidential parent may have access to records related to the child * * * upon request to the legal custodian.

{¶ 11} Mother filed a notice of appeal and raises four assignments of error for our review:

I. The trial court erred as a matter of law and abused its discretion by issuing the November 10, 2022 Journal Entry while lacking personal jurisdiction over the Appellant.

II. The trial court erred as a matter of law and abused its discretion by failing to grant Appellant a continuance.

III. The trial court erred as a matter of law and abused its discretion by admitting the Guardian ad Litem's Report and Recommendation into evidence, despite the Guardian ad Litem's absence at trial.

IV. The trial court erred as a matter of law and abused its discretion by granting the Appellee's motion to modify parenting time and motion to modify residential and custodial parent under Ohio Revised Code Section 3109.04.

## II. Law and Analysis

### a. The Court Had Personal Jurisdiction

{¶ 12} In the first assignment of error, Mother argues that the trial court erred in ruling on Father's motions because the court lacked personal jurisdiction over her. Mother contends she never received service of Father's February 2022 motions to modify child support, to modify residential and custodial parent, and for contempt and attorney fees.

{¶ 13} "It is a fundamental rule of law that a court must have personal jurisdiction over a party in order to enter a valid judgment." *In re G.G.*, 8th Dist. Cuyahoga Nos. 111322 and 111324, 2022-Ohio-3821, ¶ 30, citing

*Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984). Personal jurisdiction can be acquired over a party even in the absence of proper service. *In re G.G.* at *id.*, citing *Maryhew.* In *In re G.G.*, this court noted that

> "[v]oluntary participation in the litigation with a view to resolution of the dispute binds the parties so participating. * * * The test of whether there is sufficient participation to constitute a voluntary appearance, aside from objecting to jurisdiction, appears to be whether by the acts done in relation to the litigation the party has sought to utilize the machinery of the court in some affirmative way to serve that party's ends in the resolution of the dispute."

*Id.*, quoting *Goetz v. First Benefits Agency, Inc.*, 9th Dist. Summit No. 18381, 1997 Ohio App. LEXIS 4632, 11-12 (Oct. 15, 1997).

{¶ 14} In *Garnett v. Garnett*, 8th Dist. Cuyahoga No. 50857, 1986 Ohio App. LEXIS 7778 (Aug. 7, 1986), this court overruled an appellant's claims that the trial court lacked personal jurisdiction over him for failure of service. The appellant objected to the defective service on the record but testified and submitted evidence in a hearing. This court found that the appellant voluntarily submitted himself to the court's jurisdiction and waived his objection to defective service. *Id.* at 4. *See also In re Shaeffer Children*, 85 Ohio App.3d 683, 688, 621 N.E.2d 426 (3d Dist.1993) (appellant's appearance and participation at permanent custody trial "waives any objection to the inadequacies of the notice").

{¶ 15} In this case, Mother attended pretrial hearings in April and May 2019. Mother was not present at the September 2019 hearing due to her incarceration. It was at this hearing that the court awarded temporary custody to Father. The court held additional hearings on February 27 and October 23, 2020, and Mother was

present. Mother's counsel was also present for the October 23, 2020 hearing. During this time, Mother filed and responded to motions and pleadings, actively participating in the case.

{¶ 16} On February 17, 2022, Father filed a motion to modify child support, motion to modify residential and custodial parent, and motions for contempt and attorney fees. Mother contends she did not receive service of these motions; therefore, the trial court did not have jurisdiction to rule on them.

{¶ 17} The trial court held a hearing on the motions on April 1, 2022. Both Mother and her attorney appeared and participated in the hearing. Mother and her counsel's voluntary appearance at the hearing on the motion constitute a waiver of any defects of service.

{¶ 18} Accordingly, the first assignment of error is overruled.

**b. The Court Committed Plain Error in Proceeding to Trial**

{¶ 19} In the second assignment of error, Mother argues that the trial court erred when it did not grant a continuance of the November 1, 2022 hearing. In the third assignment of error, Mother argues that the trial court erred in relying on the GAL's report when the GAL failed to appear for trial.

{¶ 20} Juv.R. 23 governs continuances in juvenile court, providing that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Juv.Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, further provides:

No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 21} The grant or denial of a motion to continue is a matter that is generally "'entrusted to the broad, sound discretion of the trial judge.'" *In re Ka.C.*, 8th Dist. Cuyahoga Nos. 102000, 102002, 102005, and 102006, 2015-Ohio-1158, ¶ 13, quoting *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

{¶ 22} When evaluating a request for a continuance, a court should consider all relevant factors, including:

the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id*. at 67-68. A court is not required to give particular weight to any one of these factors. *In re K.H.*, 8th Dist. Cuyahoga No. 111287, 2022-Ohio-2588, ¶ 69.

{¶ 23} In this case, while no actual motion for a continuance was filed by Mother, on the day of the trial, the court stated the following on the record as to Mother's inability to appear for trial: "Mother is unable to appear due to a recent accident, surgery and hospitalization." The court further noted that "mother may not be available for parenting time or quality parenting time for some time pending

her release and possible rehabilitation from the hospital." The court proceeded with trial without Mother or her counsel present.

{¶ 24} Because no request for continuance was made in this case, we review the matter for plain error. *In re C.H.*, 3d Dist. Mercer Nos. 10-19-10, 10-19-11, 10-19-12 and 10-19-13, 2020-Ohio-716, ¶ 81. In civil cases, the plain-error doctrine is not favored and is to be applied in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Comrie v. Comrie*, 8th Dist. Cuyahoga No. 94018, 2010-Ohio-3319, ¶ 12, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997). Based on the following confluence of factors, we find that exceptional circumstances exist here to warrant application of the plain-error doctrine.

{¶ 25} The November 1, 2022 trial date marked the first time the court set the case for trial. Father filed his motions to modify residential and custodial parenting and to modify parenting time on February 17, 2022. The court held its first hearing on the matter on April 1, 2022. Mother appeared for the April hearing, represented by counsel. The court ordered Mother to submit to a drug test and stated that if the drug test was negative, the custody arrangements would remain the same. The trial court continued the hearing until June 27, 2022. Mother's drug test was negative.

{¶ 26} Mother did not appear at the June 27, 2022 hearing. Mother had appeared at all prior hearings in the case, except for when she was incarcerated and could not attend; thus, Mother did not have a history of voluntarily and repeatedly missing hearings. Moreover, on the day of trial, the court acknowledged on the record before starting trial that Mother was unavailable because she was hospitalized.

{¶ 27} Additionally, Mother's counsel failed to appear and the trial court made no mention of counsel's absence. We are aware that Mother's attorney filed a motion to withdraw on June 22, 2022. However, the trial court did not grant the motion until November 8, 2022, a week *after* trial. Therefore, Mother was still represented by counsel as of the day of trial.

{¶ 28} We also consider the June 27, 2022 pretrial order setting the November 1 trial date. In the order, and in previous entries, the trial court stated that it was Mother's and Father's duty to have their respective attorneys ready for and present at the trial:

> Parties must have counsel prepared and present for all future hearings if they intend to have legal representation in this matter. Failure to have counsel prepared and present at the next hearing shall be deemed a knowing, intelligent and voluntary waiver of the right to counsel and parties will be expected to proceed to final judgment without legal representation.

{¶ 29} We question the trial court's use of this language in its journal entries. It is not incumbent upon a party to secure the appearance and readiness of his or her attorney at a hearing or trial. It is the attorney's responsibility to diligently

represent the client. *See* Prof.Cond.R. 1.3. The court's order, however, improperly put that burden on Mother, who was hospitalized on the day of trial. Further, it is unclear from the record before us whether Mother was under the impression counsel had already withdrawn from the case and she was to proceed pro se. We note that the court's journal entry granting counsel's motion to withdraw stated that the matter was heard on November 1, 2022, the same day as trial; however, there is no mention in the transcript of the court granting the motion and the court did not journalize its entry until November 8.

{¶ 30} Mother missed one prior hearing on Father's motion. There is no evidence the juvenile court made any inquiry as to the length of Mother's hospitalization and recovery, attempted to find another date on which Mother could appear, inquired whether Mother was planning to retain other counsel or proceed pro se, or contacted Mother's attorney on the day of the hearing to inquire about his status. The November trial date was the first time trial had been scheduled and no prior continuances of the trial date had been requested. A continuance would have given the GAL a chance to appear at trial. Finally, there is no indication that there would be any prejudice to the parties had the court delayed trial.

### c. Trial Court Improperly Relied on the GAL Report

{¶ 31} Mother argues that the trial court erred in relying on the GAL's report in the GAL's absence.

{¶ 32} The GAL filed his report on October 25, 2022. In his notice of service, the GAL stated that he was emailing a copy of the report to counsel for Father;

however, there is no indication that the GAL provided Mother or her counsel a copy of the report or that the court notified the parties that the report had been filed. *See In re M.H.*, 8th Dist. Cuyahoga Nos. 107612 and 107613, 2019-Ohio-2439, ¶ 34 (although the GAL report was not admitted into evidence, it was not an abuse of discretion for the court to rely on the report when the court notified the parties the report had been filed and the parties were free to access and review it before trial).

{¶ 33} This court has held that a trial court's reliance on a GAL's report without having afforded the parties the opportunity to cross-examine the GAL is an abuse of discretion. *M.K. v. R.K.*, 8th Dist. Cuyahoga No. 112291, 2023-Ohio-3475, ¶ 33. In *M.K.*, the trial court issued its ruling before the parties had a chance to cross-examine the GAL, who appeared for trial. This court cited *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, where the Supreme Court of Ohio held that "'[i]n a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation.'" *M.K.* at ¶ 31, quoting *Hoffman* at syllabus. This court noted that *Hoffman's* holding applies in custody proceedings outside the context of the termination of parental rights. *M.K.* at ¶ 32; *see also Schill v. Schill*, 11th Dist. Geauga No. 2002-G-2465, 2004-Ohio-5114, ¶ 59 (holding that "the trial court's consideration of the GAL's findings, without providing the parties opportunity to cross-examine the guardian, violated due

process and was an abuse of discretion" where a child's custody was at issue in a divorce proceeding).

{¶ 34} Here, the GAL did not appear for trial, instead he sent a "substitute" GAL, who did not work on the matter and therefore could not be cross-examined on the GAL report. In fact, the trial court would not allow the substitute GAL to be called as a witness during the trial:

Court: [Counsel], call your first witness.

Counsel for Father: I would call the Guardian ad Litem or the fill-in for the Guardian ad Litem.

Court: The Guardian ad Litem was appointed for the child. She's * * * substituting. I have the Guardian ad Litem's report. [The substitute GAL is] not a fact witness for what you assert. You may call your first witness.

{¶ 35} Although the GAL did not appear for trial and there is no indication in the record that Mother or her counsel were given a copy of the GAL report, the trial court still relied on his report. In its journal entry granting Father's motions to modify parenting time and the residential custodial parent, the trial court stated that it considered the recommendation of the child's GAL, "considered the wishes and concerns of the child as expressed to the GAL," and relied on the GAL's verification of Mother's drug screen. Although we are cognizant neither Mother nor her attorney were present at trial to cross-examine the GAL, the GAL also was not present to be cross-examined.

{¶ 36} Accordingly, Mother's second and third assignments of error are well taken to the extent that it was plain error for the trial court to proceed with trial

without Mother or Mother's counsel present.  The trial court conducted the hearing while Mother was hospitalized, received testimony only from Father, relied on the GAL's report in the GAL's absence, decided to terminate the shared parenting plan, grant Father sole legal and residential custody, ordered that Mother could not have access to any of the child's records unless Father granted her access, and granted Mother nebulous "parenting time as arranged by the parties."

{¶ 37} We note that this opinion is not to be construed to mandate a continuance anytime a party is not available for trial; our holding today is in line with Juv.R. 23 and Juv.Loc.R. 35(C) to secure fair treatment for the parties under these unique circumstances and because good cause was shown.

{¶ 38} The second and third assignments of error are sustained.

### d. Consideration of Merits of Father's Motions is Moot

{¶ 39} In her fourth assignment of error, Mother argues that the trial court abused its discretion in granting Father's motions to modify parenting time and residential and custodial parent.  Based on our disposition of the second and third assignments of error, this assignment of error is moot.  *See* App.R. 12(A)(1)(c).

{¶ 40} Judgment reversed.  Case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR