[Cite as *In re F.C.*, 2023-Ohio-4319.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE F.C., III                                    :

Minor Child                                        :

                                                                        No. 112617
[Appeal by I.C., Mother]              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-20908939

---

### *Appearances:*

Scott J. Friedman, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant I.C. ("Mother") appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, that awarded legal custody of her minor child, F.C., III ("the child"), to his paternal aunt. Upon review, we affirm the judgment of the juvenile court.

{¶ 2} In October 2020, the Cuyahoga County Division of Children and Family Services ("CCDCFS") filed a complaint for dependency and temporary custody of the child to CCDCFS. At the adjudicatory hearing, Mother stipulated to certain allegations of the complaint that alleged in part that the child previously was adjudicated dependent and was committed to the legal custody of his paternal grandmother, but the paternal grandmother could no longer care for the child because she passed away; that Mother has five other children who were adjudicated and removed from her care; and that Mother had not fully resolved the issues that led to the removal of her other children.

{¶ 3} In a journal entry issued on December 22, 2020, the juvenile court adjudicated the child to be dependent and committed the child to the temporary custody of CCDCFS. The child was placed in the care of his paternal aunt, L.B., where all of his basic and emotional needs were being met.

{¶ 4} In the course of the proceedings, there were numerous continuances, several motions for legal custody were denied, and temporary custody to CCDCFS was extended. In August 2022, CCDCFS filed a motion to modify temporary custody to permanent custody, and it later moved to amend the dispositional prayer from permanent custody to legal custody to L.B. Mother requested legal custody to herself.

{¶ 5} Trial was held on February 28, 2023, approximately two and a half years after the complaint had been filed. On the date of trial, the parties requested a continuance that was denied by the juvenile court. On March 28, 2023, the

juvenile court issued a journal entry denying Mother's motion for legal custody to herself and committing the child to the legal custody of L.B. Mother timely appealed.

{¶ 6} Mother raises three assignments of error for our review, which we shall address out of order. Under her second assignment of error, Mother claims the juvenile court abused its discretion by denying the request for a continuance of trial because two witnesses were not present to testify.

{¶ 7} Generally, the decision to grant or deny a continuance is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). Relevant factors to consider include the length of the delay, prior continuances, inconvenience, and the reasons for the delay. *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶ 91, citing *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990). Pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." Pursuant to Loc.R. 35(C) of the Cuyahoga County Court of Common Pleas, Juvenile Division, "[n]o case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing * * *."

{¶ 8} Mother argues that the juvenile court should have granted a continuance because the case worker and the original guardian ad litem were not

present to testify at trial.  The record reflects that before the trial date, the guardian ad litem ("GAL") filed a "Notice of substitute counsel (guardian ad litem)" indicating that although she was not available for the trial date, she had filed a supplemental report and recommendation and had arranged for substitute counsel to appear for the trial.  No objection was filed, the substitute counsel appeared at trial, and Mother did not request a continuance until the trial date.  Further, although the case worker was not present at trial due to illness, CCDCFS indicated that it could proceed with the assigned supervisor, who was present to testify in the case.

{¶ 9} The juvenile court considered relevant factors.  The court stated that nothing was brief about the case, which had been pending for approximately two and a half years.  The court reviewed the procedural history of the case, recounted multiple hearings that were held and rulings that were made, noted there had been prior continuances and two extensions of temporary custody, and indicated that the court had yielded multiple times in the matter.  The court stated that it "does not find that a continuance in the matter serves the best interest of this child[,]" that "[t]he permanency of this child is paramount[,]" and that "[t]here would be no further delay."

{¶ 10} Our review reflects that good cause was not shown in this matter and that the juvenile court did not abuse its discretion in denying the motion for continuance.  The second assignment of error is overruled.

{¶ 11} Under the third assignment of error, Mother argues that the juvenile court erred and violated her due process rights by admitting the GAL's report into

evidence and considering the GAL's recommendation without the GAL being present and subject to cross-examination at the hearing. In support of her argument, Mother cites to *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, in which the Supreme Court of Ohio has held that in a permanent custody proceeding in which the GAL's report will be a factor in the trial court's decision, parties "have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." *Id*. at syllabus. This right has been found to apply to legal custody cases. *In re A.K.*, 9th Dist. Summit No. 26291, 2012-Ohio-4430, ¶ 23.

{¶ 12} The record in this case reflects Mother never objected to the GAL's notice that substitute counsel for the GAL would be appearing at trial, nor did Mother object to the GAL's third supplemental report and recommendation that was filed prior to trial or otherwise challenge the report. Further, Mother failed to raise any objection at trial to the recommendation provided by substitute counsel for the GAL, who had reviewed the original GAL's report and heard the testimony at trial; and Mother never sought to cross-examine the substitute counsel for the GAL after she stated her recommendation at the dispositional hearing.

{¶ 13} By failing to object in the trial court, Mother has forfeited all but plain error on appeal. *In re A.D.*, 8th Dist. Cuyahoga No. 85648, 2005-Ohio-5441, ¶ 7; *In re S.B.*, 8th Dist. Cuyahoga No. 85560, 2005-Ohio-3163, ¶ 18; *see also In re L.W.*, 7th Dist. Jefferson Nos. 22 JE 0010 and 22 JE 0011, 2022-Ohio-3547, ¶ 24. It is well established that plain error in civil cases is "sharply limited to the *extremely*

*rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis sic.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997).

{¶ 14} Generally, a GAL's report is not considered evidence but is merely submitted as additional information for the court's consideration. *See In re L.W.* at ¶ 23. Although Mother claims she was deprived of the opportunity to cross-examine the original GAL, she does not raise any specific challenges to the information provided in the report and recommendation of the GAL or to the oral recommendation provided by the substitute counsel for the GAL, whose recommendation was consistent with the report. Further, much of the information in the report was introduced at trial through the testimony of the CCDCFS supervisor.

{¶ 15} Insofar as Mother cites to Sup.R. 48.06(A)(4), which states "[a] guardian ad litem shall be available to testify at any relevant hearing and may orally supplement the report at the conclusion of the hearing[,]" the Rules of Superintendence do not create substantive rights and generally, noncompliance therewith is not grounds for reversal. *See, e.g.*, *State v. Akladyous*, 12th Dist. Butler No. CA2021-12-164, 2023-Ohio-3105, ¶ 33; *In re A.D.*, 3d Dist. Seneca No. 13-22-12, 2023-Ohio-2442, ¶ 52; *In re Alleged Dependent Child*, 4th Dist. Jackson No. 22CA13, 2023-Ohio-688, ¶ 37. Further, in this instance, substitute counsel for the

GAL was present at trial, and Mother has not shown the result of the trial would have been different if the original GAL had been available to testify.

{¶ 16} Under the circumstances herein, we do not find the juvenile court committed plain error in considering the GAL's report or the recommendation. Accordingly, the third assignment of error is overruled.

{¶ 17} Under her first assignment of error, Mother claims the juvenile court abused its discretion and violated her due-process rights by awarding legal custody of the child to L.B. and denying Mother's motion for legal custody. An award of legal custody vests in the custodian the physical care and control of the child while the natural parents retain residual parental rights, privileges, and responsibilities. *In re E.M.B.T.*, 8th Dist. Cuyahoga No. 109479, 2020-Ohio-4308, ¶ 24, citing R.C. 2151.011(B)(21), 2151.011(B)(31), and 2151.353(A)(3)(c); *see also In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188, ¶ 15, 17.

{¶ 18} Initially, Mother claims that the juvenile court erred when it awarded legal custody to L.B. without first confirming that she signed a statement of understanding in conformance with R.C. 2151.353(A)(3), which requires that "[a] person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody" that contains the provisions listed in R.C. 2151.353(A)(3)(a)-(d).

{¶ 19} The record reflects that the paternal aunt had previously filed a motion for legal custody in the matter with a signed statement of understanding.

The juvenile court asked if the parties were satisfied with the statement of understanding from L.B. The prosecutor represented that L.B. was present at the court and was available to be called with questions on the statement of understanding. It also was represented that the previously signed statement was faulty, but another one was submitted for filing and the prosecutor stated he could "run downstairs and grab it off the top." That statement of understanding, which was later processed for filing, was signed by L.B. prior to trial. The juvenile court did not deem it necessary to question L.B., none of the parties asked to question L.B., and no objection was raised. Mother has not demonstrated plain error occurred, and we are not otherwise persuaded by her argument. *See, e.g., In re E.J.*, 12th Dist. Warren No. CA2014-07-098, 2015-Ohio-731, ¶ 10-13; *In re K.M.A.T.*, 10th Dist. Franklin No. 13AP-832, 2014-Ohio-2420, ¶ 29; *In re W.A.*, 5th Dist. Muskingum No. CT2013-0002, 2013-Ohio-3444, ¶ 15.

{¶ 20} Next, we address Mother's challenge to the trial court's decision on legal custody. Although parents have a fundamental interest in the care, custody, and control of their children, the natural rights of parents are not absolute and are always subject to the ultimate welfare of the child. *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 19-20, citing *In re Cunningham*, 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (1979). "[T]he best interests of the child are paramount in any custody case," and courts are to liberally interpret the statutes under R.C. Chapter 2151 "to provide for the care and protection of the child * * *." *In re*

*A.B.*, 110 Ohio St.3d 230, 2006-Ohio-4359, 852 N.E.2d 1187, ¶ 32, citing R.C. 2151.01(A).

{¶ 21} "A trial court must determine the appropriateness of legal custody in accordance with the best interest of the child as supported by the preponderance of the evidence." *In re J.W.*, 8th Dist. Cuyahoga No. 108139, 2019-Ohio-3666, ¶ 15, citing *In re G.W.*, 8th Dist. Cuyahoga No. 103706, 2016-Ohio-5242, ¶ 21. "'Preponderance of the evidence' means 'evidence that's more probable, more persuasive, or of greater probative value.'" *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7, quoting *In re D.P.*, 10th Dist. Franklin No. 05AP-117, 2005-Ohio-5097, ¶ 52.

{¶ 22} The factors listed under R.C. 2151.414(D) may be instructive when determining the child's best interest in a legal custody case. *In re V.P.*, 8th Dist. Cuyahoga No. 109649, 2020-Ohio-5626, ¶ 32, citing *In re G.M.*, 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 16. Those factors include the following: the interaction and interrelationship of the child with the child's parents, relatives, and caregivers; the wishes of the child; the custodial history of the child; and the child's need for a legally secure placement. R.C. 2151.414(D). There is not one element that is given greater weight than the others under the statute. *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 56. In custody matters, a juvenile court has broad discretion in making dispositional orders in the best interest of the child. *See Reynolds v. Goll*, 75 Ohio St.3d 121, 124-125, 661 N.E.2d 1008 (1996).

**{¶ 23}** Mother argues that she completed case plan services, was employed, and had appropriate housing. Also, there were little to no concerns with parenting or with her interactions with the child. However, despite the commendable progress Mother has made, the juvenile court properly considered all relevant factors in determining the best interest of the child, and its decision to grant legal custody to L.B. was supported by a preponderance of the evidence in the record.

**{¶ 24}** The CCDCFS supervisor testified that the child had not been in the care of Mother since birth, that Mother had not always been consistent with visitation, that there needed to be some bonding, and that Mother needed to be able to care for the child along with two of her younger children. As emphasized by the CCDCFS supervisor, "[v]isits were crucial in this case." Mother tested positive for marijuana in April 2022 and reported being overwhelmed with the care of her children during visits. Further, Mother had not visited with the child since October 2022 because "Mother was not making herself available to the [a]gency" and did not always communicate with the agency. At the time of trial, there had been a recent meeting that Mother attended and there was discussion of restarting visitation. The CCDCFS supervisor testified that the child is bonded with L.B. and had expressed that he wishes to reside with L.B. This was consistent with the GAL's report, which expressed the wishes of the child to remain with his paternal aunt and to maintain contact with his parents and siblings. The agency believed that it was in the best interest of the child for legal custody to be awarded to L.B., as did the GAL.

{¶ 25} Mother confirmed during her testimony that she had missed visitations in the past and that she did not always reply to communications, yet she understood the importance of the visitations. Mother expressed that she wanted custody because she wanted the chance to be with her child and to have more time with him. Mother agreed that the child is comfortable with L.B. because he has resided with L.B. for a good portion of his life.

{¶ 26} The substitute counsel for the GAL, based upon a review of the GAL report and upon hearing the testimony, also believed it would be in the best interest of the child to grant legal custody to L.B. Other testimony and evidence were presented and considered by the juvenile court.

{¶ 27} The juvenile court made findings that are consistent with the record, and its decision reflects that it considered all the best-interest factors under R.C. 2151.414(D)(1) and other relevant factors. The juvenile court concluded that continuing the child's current placement with L.B. is in the child's best interest and that "return to the home of the parent(s) will be contrary to the child's best interest." The juvenile court also observed that "the child has been living in a stable home environment with the child's current relative caregiver for the past twelve consecutive months; that the relatives continue to express a desire to provide permanency for the child; and that the removal of the child from the relatives would be detrimental to the child's well-being." The juvenile court committed the child to the legal custody of L.B. and ordered the parents to have parenting time by agreement of the parties.

{¶ 28} Upon our review, we find the juvenile court did not err in awarding legal custody to L.B. and denying Mother's motion for legal custody. The first assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

SEAN C. GALLAGHER JUDGE

FRANK DANIEL CELEBREZZE III, P.J., CONCURS;
MICHAEL JOHN RYAN, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

MICHAEL JOHN RYAN, J., CONCURRING IN JUDGMENT ONLY:

{¶ 30} I concur in judgment only and write separately to touch upon two recent decisions from this court and to share concerns over the use of a substitute GAL during a custody trial.

{¶ 31} Best practice dictates that trial courts require the attendance at trial of the GAL of record if the court intends to rely on the GAL report or GAL testimony in making a custody determination. A substitute GAL cannot testify to firsthand

knowledge of the case and should not be giving a recommendation that relies solely on trial testimony and a review of the original GAL's report, as was done in this case.

{¶ 32} In *M.K. v. R.K.*, 8th Dist. Cuyahoga No. 112291, 2023-Ohio-3475, the trial court issued its ruling before the parties had a chance to cross-examine the GAL. Although the parties did not have the opportunity to object before the court issued its ruling (the court issued its ruling mid-trial), this court held that the trial court's reliance on the GAL's report without having afforded the parties the opportunity to cross-examine the GAL was an abuse of discretion. *Id.* at ¶ 33.

{¶ 33} In *In re D.M.*, 8th Dist. Cuyahoga No. 112215, 2023-Ohio-3874, a substitute GAL appeared on behalf of the GAL of record. Appellee's counsel tried to call the substitute GAL as a witness, but the court would not let the substitute GAL testify, stating that the substitute was "not a fact witness for what you assert." Despite the original GAL's nonappearance at the hearing, the trial court relied on his report. This court concluded that the trial court improperly relied on the GAL's report in making a custody determination because the GAL was not present for cross-examination. *Id.* at ¶ 35.

{¶ 34} In this case, after the testimony of the witnesses, the substitute GAL put *his* opinion regarding the child's placement on the record, which he said was based on his review of the GAL report and "the testimony heard today." (Tr. 69). I am concerned that a trial court would rely on the statements of a substitute GAL who has no firsthand knowledge of the case. Although a GAL report is not evidence, when the trial court relies on the report in making custody decisions, the proponent

of the report should be available for cross-examination as provided for in the Rules of Superintendence.